**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

**MAR 2 1 2003**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JORGE ENRIQUE PINEDA MORALES | § | |
| AND MAYTHEM GIORGINA PINEDA | § | |
| MORALES, INDIVIDUALLY AND AS | § | |
| ADMINISTRATOR/IX OF THE ESTATE | § | |
| OF JORGE ENRIQUE PINEDA CARVAJAL, | § | **CIVIL ACTION NO.** B - 0 3 - 0 6 1 |
| DECEASED; BEATRIZ DEL VALLE PINEDA, | § | (JURY TRIAL) |
| INDIVIDUALLY; THEMMAY GIORGIA | § | |
| PINEDA MORALES; EDWARD ENRIQUE | § | |
| PINEDA MORALES, INDIVIDUALLY; | § | |
| | § | |
| DOLORES CHACON PINEDA, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND OF | § | |
| JORGE LUIS PINEDA CHACON | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| FORD MOTOR COMPANY | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Title 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, Defendant Ford Motor Company ("Ford") hereby gives notice of removal of an action filed against it in the 107th Judicial District Court, Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division. In support of this removal, Ford would show this Court as follows:

**Preliminary Matters**

1.      On February 25, 2003, an action was commenced against Ford in the 107th Judicial District Court, Cameron County, Texas, entitled *Jorge Enrique Pineda Morales and Maythem Giorgina Pineda Morales, individually and as administrator/ix of the estate of Jorge Enrique Pineda Carvajal, deceased; Beatriz Del Valle Pineda, individually; Themmay Giorgia Pineda Morales, Edward Enrique Pineda Morales, individually; Dolores Chacon De Pineda,*

*individually and as next friend of Jorge Luis Pineda Chacon vs. Ford Motor Company,* Cause No. 2003-02-1056-A, District Court, Cameron County, Texas.

2. On March 3, 2003, a copy of Plaintiffs' Original Petition naming Ford as a defendant was served on Ford's registered agent for service of process by certified mail.

3. This Notice of Removal is timely filed, in that it is filed within thirty (30) days after the receipt by Ford of a copy of the initial pleadings setting forth a claim for relief upon which this action is based and within one year of the filing of the lawsuit. 28 U.S.C. § 1446(b).

### Nature of the Case

4. This case arose out of a single vehicle accident that allegedly occurred in Venezuela on February 25, 2001. According to Plaintiffs' Original Petition, Jorge Enrique Pineda Carvajal was driving a 2001 Ford Explorer when he lost control of his vehicle, resulting in a rollover accident.

5. Plaintiffs allege that the accident was caused by various defects in the design of the 2001 Ford Explorer. Plaintiffs assert that Ford is liable as the product manufacturer of the Explorer.

### Grounds for Removal

6. The present action is one over which this court has original jurisdiction under the provisions of Title 28, United States Code, Sections 1332 and 1441(a), in that it is a civil action between completely diverse parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. According to Plaintiffs' Original Petition, Plaintiffs are citizens of Venezuela. Plaintiffs' Original Petition, ¶ 2. Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan, and was a Delaware corporation with its principal place of business in Dearborn, Michigan, at the time Plaintiffs' Original Petition was filed on February 25, 2003.

8. Plaintiffs' Original Petition (the operative pleading as of the date of removal) also meets the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. 1332(b). Although the petition does not assert a claim for a specific amount of damages, it does allege that

the subject accident resulted in the death of Jorge Enrique Pineda Carvajal and seeks damages under the Texas wrongful death and survival statutes. In addition, the petition also alleges gross negligence and seeks an award of punitive damages. Thus, the amount in controversy in this action clearly exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. 1332.

9.    On filing of this Notice of Removal, Ford will provide written notice to Plaintiffs of this action and will file a copy of the Notice of Removal with the Clerk of the Court for the 107th Judicial District, Cameron County, Texas.

10.    The 107th Judicial District Court of Cameron County, Texas, is located in the Southern District of Texas, Brownsville Division. Further, the attachments accompanying this Notice of Removal constitute all executed process, pleadings and orders, as well as the docket sheet on file in this matter.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P. O. Box 2155
Brownsville, TX 78522
(956) 542-7441
(956) 541-2170 Telecopier


By: _____
     Jaime A. Saenz  w permission
     State Bar No. 17514859  MCPatell
Southern District Admissions No. 7639

&

Ronald D. Wamsted
Attorney-in-Charge
State Bar No. 20832000
Southern District Admissions No. 17108
Michael W. Eady
State Bar No. 06332400
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 - fax

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Federal Rules of Civil Procedure on this 21st day of March, 2003.

**Via Certified Mail,**
**Return Receipt Requested**

Mark A. Cantu
LAW OFFICE OF MARK A. CANTU
The Atrium
1300 N. 10th Street, Suite 400
McAllen, Texas 78501


                          Jaime A. Saenz

RUN DATE 03/21/03
RUN TIME 1:46 PM

PAGE: 01

2003-02-001056-A

JORGE ENRIQUE PINEDA MORALES AND MAYTHEM GIORGINA

VS

DOLORES CHACON DE PINEDA, INDIVIDUALLY AND AS NEXT

* * * *    C L E R K ' S    E N T R I E S    * * * *

00020001
HON. MARK A. CANTU
1300 N 10TH ST. STE 400
MCALLEN, TEXAS    78501 0000

(10)

DAMAGES/NEGLIGENCE

CANTU, HON. MARK A.

02    25    03

30.00

02/25/03    ORIGINAL PETITION FILED
02/25/03    JURY FEE: Pd. by HON. MARK A. CANTU
02/27/03    CITATION (CM): FORD MOTOR COMPANY
02/27/03    SERVED: 03/03/03    FILED: 03/11/03

CAUSE NO. 2003-02-1056-A

| | | |
|---|---|---|
| JORGE ENRIQUE PINEDA MORALES AND MAYTHEM GIORGINA PINEDA MORALES, INDIVIDUALLY AND AS ADMINISTRATOR/IX OF THE ESTATE OF JORGE ENRIQUE PINEDA CARVAJAL, DECEASED; BEATRIZ DEL VALLE PINEDA, INDIVIDUALLY; THEMMAY GIORGIA PINEDA MORALES, EDWARD ENRIQUE PINEDA MORALES, INDIVIDUALLY; | § § § § § § § § | IN THE DISTRICT COURT OF |
| DOLORES CHACON DE PINEDA, INDIVIDUALLY AND AS NEXT FRIEND OF JORGE LUIS PINEDA CHACON | § § § § § |  |
| Plaintiffs, | § § | |
| Vs. | § § | 107th JUDICIAL DISTRICT |
| FORD MOTOR COMPANY | § § | CAMERON COUNTY, TEXAS |
| Defendants. | § § | JURY TRIAL DEMAND |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Come plaintiffs, JORGE ENRIQUE PINEDA MORALES and MAYTHEM GIORGINA PINEDA MORALES, Individually, and as Administrator/ix of the ESTATE OF JORGE ENRIQUE PINEDA CARVAJA, DECEASED; BEATRIZ DEL VALLE PINEDA, Individually; THEMMAY GIORGIA PINEDA MORALES, Individually; EDWARD ENRIQUE PINEDA MORALES, Individually; DOLORES CHACON DE PINEDA, Individually and as Next Friend of JORGE LUIS PINEDA CHACON, a Minor, and for their Plaintiffs' Original Petition, stating:

1

1.

Consistent with the requirements of Rule 190.1, the Plaintiffs allege that discovery is intended to be conducted under Level 3 of the Rule.

2.

Plaintiffs are citizens of the Republic of Venezuela. Jurisdiction is appropriate because a substantial part of the events forming the basis for the suit occurred in Cameron County.

3.

FORD MOTOR COMPANY [hereinafter referred to as "FORD"] is a corporation with its primary office in Dearborn, Michigan. FORD is authorized to conduct business in Texas and derives substantial economic profits from this state. As such, FORD is subject to personal jurisdiction in this state. FORD'S agent for service of process is the CT CORPORATION SYSTEM, 350 N. St. Paul St., Dallas, Texas 75201.

4.

The defective vehicle involved in the rollover crash is a 2001, 150 Sport Wagon Ford Explorer bearing vehicle identification number 8XDZU17EX18-A19439, designed, manufactured, assembled and/or distributed by FORD. The Explorer was first sold by FORD as a 1991 model and was designed to replace the Bronco II. In fact for a significant period of time, the Explorer was called the "4 door Bronco II." FORD used the Bronco II as the "image" or "target" for the design of the Explorer and patterned the testing and analysis of the rollover behavior of the vehicle on the history and testing of the Bronco II. Both the Explorer and Bronco II were originally equipped with virtually identical front suspensions, rear suspensions, steering systems, tires, chassis and steering ratios. In 1995 FORD modified the Explorer by changing front suspension system designs from a twin I beam to a SLA suspension.

2

The subject Ford Explorer was purchased by Jorge Enrique Pineda Carvajal at Auto Torovega, C.A., Carrera 8, Edif. Torovega, La Concordia, Apdo.358, San Cristobal, Estado Tachira, Venezuela . Carvajal relied upon the representations and warranties made concerning the vehicle, its properties and characteristics made to him by salespersons at Auto Torovega.

5.

The single vehicle rollover crash involved in the suit occurred at approximately 1:50 p.m. on February 25, 2001, on San Cristobal Sector Chameta Freutu, Carretera Nacional Barinas. The Explorer was owned by Jorge Enrique Pineda Carvajal and was being operated by Jorge Enrique Pineda Carvajal. JORGE ENRIQUE PINEDA CARVAJAL was the driver and occupant of the vehicle who suffered severe injuries in the crash.

6.

Venue properly lies in Cameron County in that Cameron is the County where all or a substantial part of the events giving rise to the claim occurred.

7.

## COUNT 1
## STRICT LIABILITY

At all times relevant to the Complaint, the defendant was in the business of designing, manufacturing or otherwise distributing automobiles and tires. The Explorer was defective and unreasonably dangerous at the time it was designed, manufactured and distributed. The defective nature of the design of the Explorer included defects in design; stability; handling; marketing; instructions; warnings; crashworthiness; rollover resistance and controllability. The defective nature of the vehicle included the following:

3

7.1    The vehicle is defective in that the design of the "package", which includes the combination of track width, wheelbase and vertical center of gravity height, creates an unreasonable risk of rollover given the uses for which the vehicle was marketed;

7.2    The front suspension system has a tendency to "jack" in a cornering maneuver according to FORD's own documents;

7.3    The combination of 7.1 and 7.2 create an extreme risk of rollover that is both beyond the expectations of the consumer and creates a risk that far outweighs any benefit associated with the design;

7.4    The design referred to in 7.1-7.3 creates an unreasonable risk of rollover given that the vehicle was intentionally marketed as a "station wagon" for use on interstate highways at interstate speeds with full knowledge *that the vehicle could not handle ordinary emergencies as encountered on a day to day basis and will roll over even on flat level surfaces due to tire friction forces;*

7.5    The vehicle was defectively marketed in that the consumer was led to believe the vehicle was a safe and stable "station wagon-type" vehicle without providing necessary and adequate warnings and instructions that would have given the consumer adequate information so that an informed choice could be made about purchasing the vehicle;

7.6    The vehicle was defective in that it was not designed to provide reasonable and necessary occupant protection in the event of a rollover accident.

Pursuant to Tex. Civ. Prac. & Rem. Code §82.005, a safer alternative design was economically and technologically feasible at the time the product left the control of FORD.

8.

COUNT 2
NEGLIGENCE

At all times relevant to the Complaint, the defendant was in the business of supplying motor vehicles and tires for use on the public roadways. The defendant held itself out as having special expertise in the industry. As such, the defendant owed plaintiffs a duty to use reasonable care in the design; manufacture; preparation; testing; instructing; and warnings surrounding the Explorer. The defendant violated this duty by supplying a vehicle that was defective. The negligent acts included, but are not limited to the following acts or omissions:

4

8.1    Negligently designing the vehicle from a handling and stability standpoint;

8.2    Negligently designing the vehicle with poor rollover resistance;

8.3    Negligently designing the vehicle from an occupant protection standpoint;

8.4    Negligently testing of the vehicle from a handling and stability standpoint;

8.5    Negligently failing to test the vehicle to ensure the design provides reasonable occupant protection in the event of a rollover;

8.6    Failing to adequately train and assist dealers in the dangers associated with the vehicle;

8.7    Failing to disclose known problems and defects;

8.8    Negligently marketing the vehicle as a safe and stable passenger vehicle;

8.9    Failing to meet or exceed internal corporate guidelines;

8.10    Negligently designing the vehicle from a marketing standpoint;

8.11    Failing to inform the consumer, including the plaintiffs, of information that FORD knew about rollover risk in light utility vehicles thus depriving plaintiffs of the right to make a conscious and free choice;

8.12    Failing to comply with the standards of care applicable in the automotive industry insofar as providing reasonable occupant protection in a rollover;

8.13    Failing to comply with applicable and necessary Federal Motor Vehicle Safety Standards;

8.14    Failing to notify consumers, as required by law, that a defect exists in the vehicle that relates to public safety;

8.15    Failing to recall the vehicle or, alternatively, retrofitting the vehicle to enhance safety.

These acts of negligence were a proximate and producing of the crash, injuries and damages suffered by the plaintiffs. The dangers referenced earlier were reasonably foreseeable or scientifically discoverable at the time of exposure.

5

9.

## COUNT 3
## BREACH OF WARRANTY

At all times relevant to the complaint, the defendant was a "merchant" in the business of supplying "goods". The Explorer and its components were "goods" and/or "products" sold for consumer usage.

As such, the defendant breached the warranties of merchantability and fitness for a particular purpose in that the Explorer was not fit for ordinary use or for the intended use for which it was purchased.

These breaches of warranty proximately resulted in the accident, injuries and damages suffered by the plaintiffs.

10.

As a proximate producing result of the conduct of the defendant, the plaintiffs have suffered injuries and damages. The plaintiffs are seeking monetary damages from the defendant to compensate them for the following elements of damage:

10.1    Past and future medical expense and life care costs;

10.2    Past and future loss of earnings;

10.3    Future loss of earning capacity;

10.4    Permanent injury;

10.5    Past and future pain and suffering;

10.6    Past and future mental anguish;

10.7    Loss of society and companionship;

10.8   Property damage.

The plaintiffs reserve the right to prove the amount of damages at trial. The amount of compensatory damages sought will be in excess of the amount sufficient to establish jurisdiction.

11.

In addition to compensatory damages, the plaintiffs seek punitive damages based on the defendant's gross negligence and willful, wanton and reckless conduct. The Ford Explorer was designed to replace the Bronco II. In fact, the Ford Explorer was originally called the "4 door Bronco II." The Bronco II has been judicially determined to be a defective and unreasonably dangerous vehicle. The design and testing history behind the development of the Bronco II establishes the knowledge that FORD had at the time it designed and distributed the Explorer. FORD's knowledge included a knowledge that SUV's designed with the combination of a narrow track width and high center of gravity had a dangerous tendency to flip in ordinary turning maneuvers when operated as a passenger-type vehicle. FORD knew this fact when it sold the Explorer. FORD also knew that the Explorer was not equipped to properly handle emergency maneuvers at interstate highway speeds as evidence by rollover accidents involving company owned vehicles. FORD likewise knew that the Explorer was not equipped with reasonable safety features to protect occupants when a rollover did occur. FORD consciously chose to market the vehicle despite this knowledge and placed the consuming public at risk of extreme danger. Likewise, FORD knew, prior to this crash, that the vehicle in question was defective, unreasonably dangerous, and was producing death and injury due to catastrophic rollovers. The conduct justifying an award of punitive damages includes, but is not limited to, the defendant's malicious, willful, wanton and reckless design, manufacture, marketing, testing and distribution of a product which it knew was unreasonably dangerous and defective. The amount of punitive damages to be awarded is within

7

the discretion of the jury.

12.

The plaintiffs reserve the right to amend their complaint to add additional counts as discovery continues.

13.

JURY REQUEST

The plaintiffs request a trial by jury on all issues.

WHEREFORE, plaintiffs pray for judgment on their complaint against the defendant and for all other appropriate relief.

Respectfully submitted,

**LAW OFFICE OF MARK A. CANTU**
THE ATRIUM
1300 N. 10th St., Suite 400
McAllen, Texas 78501
Tel: 956/687-8181
Fax: 956/687-8868

_____
MARK A. CANTU
Texas State Bar No. 03767445
ATTORNEY FOR PLAINTIFFS

8

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the Plaintiffs' Original Petition has been filed with the District Clerk of Cameron County to be served on the following individuals/entities and/or delivered via certified mail return receipt requested as follows on this the 25th day of February 2003.

**Serve Ford Motor Company**

**FORD'S agent for service of process is**
CT CORPORATION SYSTEM
350 N. St. Paul St.
Dallas, Texas 75201.

_____
Mark A. Cantu

9


CT System

**Service of Process Transmittal Form**

Dallas, Texas

**03/03/2003**

*477218*

TO: Chris Dzbanski
Ford Motor Company
Three Parklane Blvd., Ste.1400 West
Dearborn, MI  48126

Phone: (313) 248-6864 ex:
FAX: (888) 868-8312
EMAIL: CDZBANSK@FORD.COM

RE:     **PROCESS SERVED IN TEXAS**

FOR     Ford Motor Company Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Jorge Enrique Pineda Morales Ind. et al vs Ford Motor Company |
| 2. DOCUMENT(S) SERVED: | Citation, Original Petition |
| 3. COURT: | 107th JDC, Cameron County<br>Case Number 2003021056A |
| 4. NATURE OF ACTION: | Alleges the 2001 150 Sport Wagon Ford Explorer, 8XDZU17EX18-A19439, had the change from front suspension system designs from twin I beam to a SLA suspension which caused vehicle to roll |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Dallas, Texas |
| 6. DATE AND HOUR OF SERVICE: | By Certified mail on 03/03/2003 with Postmarked Date 02/28/2003 |
| 7. APPEARANCE OR ANSWER DUE: | 10:00 a.m. Monday next after expiration of 20 days |
| 8. ATTORNEY(S): | Office of Mark A Cantu<br>The Atrium<br>1300 N 10th St., Ste 400<br>McAllen, TX  78501 |
| 9. REMARKS: | cert 70022410000095818287<br>i-Note sent 03/03/2003 to CDZBANSK@FORD.COM |

| | |
|---|---|
| SIGNED | CT Corporation System |
| PER | Barbara Ann Pfister |
| ADDRESS | 350 North St. Paul Street<br>Dallas, TX  75201<br>SOP WS 0005183659 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

COPY                                    3659

Citation for Personal Service  - BY CERTIFIED MAIL   Lit. Seq. # 5.006.01

No. 2003-02-001056-A

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FORD MOTOR COMPANY
    BY SERVING ITS AGENT
    CT CORPORATION SYSTEM
    350 N. ST. PAUL ST.
    DALLAS, TEXAS 75201

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on FEBRUARY 25, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-02-001056-A.

The style of the case is:

JORGE ENRIQUE PINEDA MORALES AND MAYTHEM GIORGINA
VS.
DOLORES CHACON DE PINEDA, INDIVIDUALLY AND AS NEXT

Said petition was filed in said court by _____HON. MARK A. CANTU_____ (Attorney for _____PLAINTIFF_____), whose address is 1300 N 10TH ST. STE 400 MCALLEN, TEXAS  78501 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 27th day of FEBRUARY , A.D. 2003.

AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

_____, Deputy

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | CERTIFICATE OF DELIVERY OF MAIL |
|---|---|

**CERTIFICATE OF DELIVERY OF MAIL**

I hereby certify that on the 27th of

FEBRUARY  2003,  I mailed to

FORD MOTOR COMPANY

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO.  0095818287
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA , District Clerk
Cameron County, Texas

By Yolanda Zimmman , Deputy

---

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2):  The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE     ZIP

CAUSE 2003-02-1056-A

| | | |
|---|---|---|
| JORGE ENRIQUE PINEDA MORALES | § | IN THE DISTRICT COURT OF |
| AND MAYTHEM GIORGINA PINEDA | § | |
| MORALES, INDIVIDUALLY AND AS | § | |
| ADMINISTRATOR/IX OF THE ESTATE | § | |
| OF JORGE ENRIQUE PINEDA CARVAJAL, | § | |
| DECEASED; BEATRIZ DEL VALLE PINEDA, | § | |
| INDIVIDUALLY; THEMMAY GIORGIA | § | |
| PINEDA MORALES; EDWARD ENRIQUE | § | |
| PINEDA MORALES, INDIVIDUALLY; | § | |
| | § | |
| DOLORES CHACON PINEDA, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND OF | § | |
| JORGE LUIS PINEDA CHACON | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| FORD MOTOR COMPANY | § | |
| | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

**DEFENDANT FORD MOTOR COMPANY'S MOTION TO TRANSFER
VENUE, MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM
NON CONVENIENS*, AND, SUBJECT THERETO, ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ford Motor Company ("Ford"), a defendant in the above-styled and

numbered cause, and concurrently with or before the filing of any other plea, pleading, or motion,

files this Motion to Transfer Venue and Subject Thereto, Original Answer and Reliance on Jury

Demand, and would show the Court as follows:

AUS:2020458.1
13486.1

## MOTION TO TRANSFER VENUE

1.      Ford denies that venue is proper in Cameron County, Texas, the county of suit. Specifically, Ford denies the venue allegations contained in paragraph 2 of Plaintiffs' Original Petition. Ford demands strict proof of all venue facts as required by TEX. R. CIV. P. 87(3).

2.      Ford requests that this case be transferred to Collin County, Texas. The legal and factual basis for this motion to transfer venue from Cameron County to Collin County is that Ford's principal office in Texas is located in Collin County, Texas, as the term "principal office" is statutorily defined in § 15.001(a) of the Texas Civil Practices & Remedies Code. For this reason, Collin County is a county of proper venue.

### Request to Transfer

3.      Ford respectfully requests the Court to transfer this case to Collin County, or alternatively, Dallas County, and would show the Court that either Collin County or Dallas County is a county of proper venue pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a).

### SUBJECT TO MOTION TO TRANSFER VENUE, MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*

COMES NOW Ford Motor Company ("Ford"), a defendant in the above-styled and numbered cause, and, subject to its Motion to Transfer Venue, files this, its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens,* pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(a), and would respectfully show the Court the following:

1.      Plaintiffs filed this lawsuit to recover damages allegedly sustained by Plaintiffs due to an automobile crash that allegedly occurred in Venezuela on February 25, 2001. Ford moves to dismiss this case, in its entirety, under the doctrine of *forum non conveniens*. In the interests of

AUS:2020458.1
13486.1

2

justice, this cause of action would be more properly heard in Venezuela, where the crash giving rise to this lawsuit occurred.

2. Accordingly, Ford prays that the Court decline to exercise jurisdiction under the doctrine of *forum non conveniens* and dismiss or stay the claims herein on any conditions allowed by TEX. CIV. PRAC. & REM. CODE § 71.051.[1]

## SUBJECT TO MOTION TO TRANSFER VENUE, FORD'S ORIGINAL ANSWER AND RELIANCE ON JURY DEMAND

1. Ford invokes the provisions of Rule 92, Texas Rules of Civil Procedure, and does thereby exercise its legal right to require plaintiffs to prove all of the allegations contained in their pleading, if plaintiffs can so prove them, which is denied, and, accordingly, Ford denies generally the allegations of plaintiffs' pleading and demands strict proof thereof by a preponderance of the evidence.

### Michigan Law

2. For further answer, if such be necessary, Ford alleges that in the event this case is not dismissed, the governing law respecting Ford's liability is the product law of the State of Michigan. *See* MCL 600.2945; *Lawrenchuk v. Riverside Arena, Inc.*, 214 Mich. App. 431, 435; 542 N.W.2d 612 (1995); *Owens v. Allis-Chalmers Corp.*, 414 Mich. 413; 326 N.W.2d 372 (1982); *Fisher v. Kawasaki Heavy Industries, Ltd.*, 854 F. Supp. 467 (E.D. Mich. 1994).

### Texas Law

3. For further answer, if such be necessary, and in the alternative and in the event Michigan law is not applied, Ford alleges that in accordance with Section 33.013 of the Texas Civil

---

[1] Ford will submit a Brief in Support of its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens* at a later date.

AUS:2020458.1
13486.1

3

Practices & Remedies Code, Ford may not be held jointly and severally liable for any amount of damages claimed herein <u>unless</u> the percentage of responsibility of Ford, when compared with that of each responsible party, each settling party, and each responsible third party, is greater than fifty percent (50%).

4.   Ford alleges that this case is governed by the 1995 Tort Reform Amendments.  As a consequence:

a.   No plaintiff may recover any amount of damages if such plaintiff's percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled. TEX. CIV. PRAC. & REM. CODE § 33.001.

b.   Plaintiffs may not be awarded exemplary damages unless they establish by clear and convincing evidence that Ford acted with malice, which Ford denies. TEX. CIV. PRAC. & REM. CODE § 41.003.

c.   In the unlikely event of any exemplary damage award, Ford further invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.008 limiting any award of exemplary damages to either $200,000 or two times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.

5.   Ford alleges that in the event any issue respecting punitive damages is submitted to the jury, Ford is entitled to have and does hereby request that the jury be instructed that under the principles of state sovereignty and comity as declared by the United States Supreme Court, neither a state court nor a state court jury may impose economic sanctions for alleged violations of state laws with the intent of changing the defendant's conduct in other states.  Any such award, or even consideration by the jury, would furthermore violate the commerce clause.  As a consequence, the jury cannot consider the total sales of this model year vehicle in any state but Texas.

6.   Ford alleges that the applicable choice-of-law standards require that the punitive damage demands against defendant Ford Motor Company be determined under the law of Michigan,

as Ford's principal place of business and the purported location of the alleged misconduct that would be punished by any punitive damages award. Under Michigan law, "it is well established that generally only compensatory damages are available and that punitive sanctions may not be imposed." *McAuley v. General Motors Corp.*, 578 N.W.2d 282, 285 (Mich. 1998).

7.    Ford alleges that Chapter 41 is unconstitutionally vague as applied to Ford in this case. As a matter of due process under the United States and Texas Constitutions, vagueness may invalidate a law, particularly a criminal or quasi-criminal law, for either of two independent reasons. First, a law is unconstitutionally vague if it fails to give fair notice of what conduct may be punished, forcing people to guess at the statute's meaning and threatening to trap the innocent. Second, a law is unconstitutionally vague if it invites arbitrary and discriminatory enforcement by failing to establish guidelines for those charged with enforcing the law (including juries), and allowing them to pursue their own personal predilections. Chapter 41 suffers from both flaws.

8.    For further answer, if such be necessary, Ford alleges that the negligence, fault, and/or responsibility of Jorge Enrique Pineda Carvajal bars in whole or in part his claims. Such negligence, fault, and/or responsibility on the part of Jorge Enrique Pineda Carvajal was either the sole, or at a minimum a concurring, cause of the accident and his injuries.

### Reliance on Jury Demand

9.    Ford hereby relies upon the jury demand of the Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, defendant, Ford Motor Company, prays that upon hearing this Court (1) grant Ford's motion to transfer venue of this cause to either Collin County or Dallas County; (2) subject to its motion to transfer venue, this Court grant Ford's motion to dismiss on grounds of *forum non conveniens*; (3) subject to both of the foregoing motions, that

AUS:2020458.1
13486.1                                    5

plaintiffs take nothing by their claims; and (4) that Ford Motor Company have such other and further

relief, general or special, to which it may show itself justly entitled, at law or in equity.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P. O. Box 2155
Brownsville, TX 78522
(956) 542-7441
(956) 541-2170 Telecopier

BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 - fax

By: *Michael W. Eady*
Ronald D. Wamsted
State Bar No. 20832000
Michael W. Eady
State Bar No. 06332400

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Federal Rules of Civil Procedure on this _20th_ day of March, 2003.

**Via Certified Mail,**
**Return Receipt Requested**

Mark A. Cantu
LAW OFFICE OF MARK A. CANTU
THE ATRIUM
1300 N. 10th Street, Suite 400
McAllen, Texas 78501

_Michael W. Eady_
Michael W. Eady

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| JORGE ENRIQUE PINEDA MORALES §<br>AND MAYTHEM GIORGINA PINEDA §<br>MORALES, INDIVIDUALLY AND AS §<br>ADMINISTRATOR/IX OF THE ESTATE §<br>OF JORGE ENRIQUE PINEDA CARVAJAL, §<br>DECEASED; BEATRIZ DEL VALLE PINEDA, §<br>INDIVIDUALLY; THEMMAY GIORGIA §<br>PINEDA MORALES; EDWARD ENRIQUE §<br>PINEDA MORALES, INDIVIDUALLY; §<br> §<br>DOLORES CHACON PINEDA, §<br>INDIVIDUALLY AND AS NEXT FRIEND OF §<br>JORGE LUIS PINEDA CHACON §<br> §<br>           Plaintiffs, §<br> §<br>vs. §<br> §<br>FORD MOTOR COMPANY §<br> §<br>           Defendant. § | **B-03-061**<br><br>**CIVIL ACTION NO.** _____<br>(JURY TRIAL) |

## LIST OF COUNSEL OF RECORD

1.  Plaintiffs' counsel of record:

    Mark A. Cantu
    State Bar No. 03767445
    Southern District Admissions No. Unknown
    LAW OFFICE OF MARK A. CANTU
    The Atrium
    1300 N. 10th Street, Suite 400
    McAllen, Texas 78501
    956/687-8181 (Telephone)
    956/687-8868 (Fax)

2.  Counsel of record for Defendant Ford Motor Company:

    Ronald D. Wamsted
    State Bar No. 20832000
    Southern District Admissions No. 17108
    Michael W. Eady
    State Bar No. 06332400
    Southern District Admissions No. 14591

*LIST OF COUNSEL OF RECORD*                                         *PAGE 1*

BROWN McCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (fax)

Jaime A. Saenz
State Bar No. 17514859
Southern District Admissions No. 7639
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P. O. Box 2155
Brownsville, TX 78522
(956) 542-7441
(956) 541-2170 Telecopier

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JORGE ENRIQUE PINEDA MORALES | § | |
| AND MAYTHEM GIORGINA PINEDA | § | |
| MORALES, INDIVIDUALLY AND AS | § | |
| ADMINISTRATOR/IX OF THE ESTATE | § | **B-03-061** |
| OF JORGE ENRIQUE PINEDA CARVAJAL, | § | CIVIL ACTION NO. _____ |
| DECEASED; BEATRIZ DEL VALLE PINEDA, | § | (JURY TRIAL) |
| INDIVIDUALLY; THEMMAY GIORGIA | § | |
| PINEDA MORALES; EDWARD ENRIQUE | § | |
| PINEDA MORALES, INDIVIDUALLY; | § | |
| | § | |
| DOLORES CHACON PINEDA, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND OF | § | |
| JORGE LUIS PINEDA CHACON | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| FORD MOTOR COMPANY | § | |
| | § | |
| Defendant. | § | |

## INDEX OF PLEADINGS FILED WITH NOTICE OF REMOVAL

1.  Docket sheet from underlying state court action

2.  All executed process in state court file

3.  Plaintiffs' Original Petition

4.  Defendant Ford Motor Company's Motion to Transfer Venue, Motion to Dismiss Under
    the Doctrine of *Forum Non Conveniens*, and, Subject Thereto, Original Answer

5.  List of Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JORGE ENRIQUE PINEDA MORALES<br>AND MAYTHEM GIORGINA PINEDA<br>MORALES, INDIVIDUALLY AND AS<br>ADMINISTRATOR/IX OF THE ESTATE<br>OF JORGE ENRIQUE PINEDA CARVAJAL,<br>DECEASED; BEATRIZ DEL VALLE PINEDA,<br>INDIVIDUALLY; THEMMAY GIORGIA<br>PINEDA MORALES; EDWARD ENRIQUE<br>PINEDA MORALES, INDIVIDUALLY;<br><br>DOLORES CHACON PINEDA,<br>INDIVIDUALLY AND AS NEXT FRIEND OF<br>JORGE LUIS PINEDA CHACON<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY<br><br>Defendant. | § § § § § § § § § § § § § § § § § § § § § § § | **B-03-061**<br><br>CIVIL ACTION NO. _____<br>(JURY TRIAL) |

## CERTIFICATE OF NOTICE OF REMOVAL

The undersigned, being an attorney of record of Defendant Ford Motor Company, hereby certifies that on this 21st day of March, 2003, he has filed a Notice of Filing Notice of Removal with the Clerk of the 107th Judicial District Court of Cameron County, Texas, and also mailed a copy of the Notice of Filing Notice of Removal to Mark A. Cantu, counsel of record for Plaintiffs, by certified mail, return receipt requested. Copies of the Notice of Removal filed in the above-styled cause were attached to the Notice of Filing Notice of Removal.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P. O. Box 2155
Brownsville, TX 78522
(956) 542-7441
(956) 541-2170 Telecopier

By: _____

       Jaime A. Saenz

       State Bar No. 17514859

Southern District Admissions No. 7639

&

Ronald D. Wamsted
Attorney-in-Charge
State Bar No. 20832000
Southern District Admissions No. 17108
Michael W. Eady
State Bar No. 06332400
Southern District Admissions No. 14591
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 - fax

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Federal Rules of Civil Procedure on this 21st day of March, 2003.

**Via Certified Mail,**
**Return Receipt Requested**

Mark A. Cantu
LAW OFFICE OF MARK A. CANTU
The Atrium
1300 N. 10th Street, Suite 400
McAllen, Texas 78501

_____
       Jaime A. Saenz

## CAUSE NO. 2003-02-1056-A

| | | |
|---|---|---|
| JORGE ENRIQUE PINEDA MORALES | § | IN THE DISTRICT COURT |
| AND MAYTHEM GIORGINA PINEDA | § | |
| MORALES, INDIVIDUALLY AND AS | § | |
| ADMINISTRATOR/IX OF THE ESTATE | § | |
| OF JORGE ENRIQUE PINEDA CARVAJAL, | § | |
| DECEASED; BEATRIZ DEL VALLE PINEDA, | § | |
| INDIVIDUALLY; THEMMAY GIORGIA | § | |
| PINEDA MORALES; EDWARD ENRIQUE | § | |
| PINEDA MORALES, INDIVIDUALLY; | § | |
| | § | |
| DOLORES CHACON PINEDA, | § | CAMERON COUNTY, TEXAS |
| INDIVIDUALLY AND AS NEXT FRIEND OF | § | |
| JORGE LUIS PINEDA CHACON | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| FORD MOTOR COMPANY | § | |
| | § | |
| Defendant. | § | 107th JUDICIAL DISTRICT |

## NOTICE TO THE DISTRICT CLERK OF FILING
## OF NOTICE OF REMOVAL

TO:   HONORABLE AURORA DE LA GARZA
      Cameron County District Clerk
      Cameron County Courthouse
      974 East Harrison
      Brownsville, Texas 78520

You will please take notice that Defendant Ford Motor Company has filed in the United

States District Court for the Southern District of Texas, Brownsville Division, a notice of

removal of the cause styled: *Jorge Enrique Pineda Morales and Maythem Giorgina Pineda*

*Morales, individually and as administrator/ix of the estate of Jorge Enrique Pineda Carvajal,*

*deceased; Beatriz Del Valle Pineda, individually; Themmay Giorgia Pineda Morales, Edward*

*Enrique Pineda Morales, individually; Dolores Chacon De Pineda, individually and as next friend*

*of Jorge Luis Pineda Chacon vs. Ford Motor Company*, originally filed in the 107th Judicial

District Court of Cameron County, Texas, Cause Number 2003-02-1056-A, to the United States

District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the 107th Judicial District Court to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded. A copy of said notice of removal is attached to this notice.

WITNESS the signature of Defendant, through their attorney, on this the 21st day of March, 2003.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P. O. Box 2155
Brownsville, TX 78522
(956) 542-7441
(956) 541-2170 Telecopier


By: _Jaime A. Saenz_____
    Jaime A. Saenz    by permission
    State Bar No. 17514859    McFadden

&

Ronald D. Wamsted
State Bar No. 20832000
Michael W. Eady
State Bar No. 06332400
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 - fax

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Federal Rules of Civil Procedure on this 21st day of March, 2003.

**Via Certified Mail,**
**Return Receipt Requested**

Mark A. Cantu
LAW OFFICE OF MARK A. CANTU
The Atrium
1300 N. 10th Street, Suite 400
McAllen, Texas 78501

_____
Jaime A. Saenz

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JORGE ENRIQUE PINEDA MORALES<br>AND MAYTHEM GIORGINA PINEDA<br>MORALES, INDIVIDUALLY AND AS<br>ADMINISTRATOR/IX OF THE ESTATE<br>OF JORGE ENRIQUE PINEDA CARVAJAL,<br>DECEASED; BEATRIZ DEL VALLE PINEDA,<br>INDIVIDUALLY; THEMMAY GIORGIA<br>PINEDA MORALES; EDWARD ENRIQUE<br>PINEDA MORALES, INDIVIDUALLY;<br><br>DOLORES CHACON PINEDA,<br>INDIVIDUALLY AND AS NEXT FRIEND OF<br>JORGE LUIS PINEDA CHACON<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY<br><br>Defendant. | § § § § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO.** **B-03-061**<br>(JURY TRIAL) |

### NOTICE OF NOTICE OF REMOVAL

To:    Jorge Enrique Pineda Morales and Maythem Giorgina Pineda Morales, individually and as administrator/ix of the estate of Jorge Enrique Pineda Carvajal, deceased; Beatriz Del Valle Pineda, individually; Themmay Giorgia Pineda Morales, Edward Enrique Pineda Morales, individually; Dolores Chacon De Pineda, individually and as next friend of Jorge Luis Pineda Chacon vs. Ford Motor Company, through their attorney, Mark A. Cantu, Law Office Of Mark A. Cantu, The Atrium, 1300 N. 10th Street, Suite 400, McAllen, Texas 78501:

Please take notice that a Notice of Removal of the above-entitled action from the 107th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division (a copy of which Notice [without exhibits] is attached hereto as Exhibit "A") was duly filed this day in the United States District Court for the Southern District of Texas, Brownsville Division.

You are also advised that Defendant, Ford Motor Company, upon filing of the Notice of Removal, and a copy of the Notice with the Clerk of the state court, has effected this removal in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P. O. Box 2155
Brownsville, TX 78522
(956) 542-7441
(956) 541-2170 Telecopier


By: _Jaime a Saenz_____
Jaime A. Saenz    w/ permission
State Bar No. 17514859    McFadden
Southern District Admissions No. 7639

&

Ronald D. Wamsted
Attorney-in-Charge
State Bar No. 20832000
Southern District Admissions No. 17108
Michael W. Eady
State Bar No. 06332400
Southern District Admissions No. 14591
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 - fax

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Federal Rules of Civil Procedure on this 21st day of March, 2003.

**Via Certified Mail,**
**Return Receipt Requested**

Mark A. Cantu
LAW OFFICE OF MARK A. CANTU
The Atrium
1300 N. 10th Street, Suite 400
McAllen, Texas 78501

_____
Jaime A. Saenz