IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 3 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JORGE ENRIQUE PINEDA MORALES AND MAYTHEM GIORGINA PINEDA MORALES, INDIVIDUALLY AND AS ADMINISTRATOR/IX OF THE ESTATE OF JORGE ENRIQUE PINEDA CARVAJAL, DECEASED; BEATRIZ DEL VALLE PINEDA, INDIVIDUALLY; THEMMAY GIORGIA PINEDA MORALES; EDWARD ENRIQUE PINEDA MORALES, INDIVIDUALLY; DOLORES CHACON PINEDA, INDIVIDUALLY AND AS NEXT FRIEND OF JORGE LUIS PINEDA CHACON | § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. B-03-061 |
| vs. | § § | |
| FORD MOTOR COMPANY | § § | |
| Defendant. | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) - FEDERAL RULES OF CIVIL PROCEDURE

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    RESPONSE: The meeting required by Fed. R. Civ. P. 26(f) was held on July 3, 2003, by telephone conference. Juan A. Gonzalez attended on behalf of Plaintiffs, and John W. Chambless, II attended on behalf of Ford Motor Company.

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

    RESPONSE: This case was originally filed as Cause No. 2003-02-1056-A in the 107th Judicial District Court of Cameron County, Texas. The case was removed to this Court by

**Defendant Ford Motor Company upon Ford's allegation of diversity jurisdiction and amount in controversy.**

3.  Briefly describe what this case is about.

**RESPONSE: This is a product liability suit which arises from a single-vehicle rollover accident that occurred in Venezuela on February 25, 2001. Plaintiffs allege that on that day Jorge Enrique Pineda Carvajal was operating his 2001 Ford Explorer on the San Cristobal Highway in the State of Barinas, Venezuela, when the rollover crash occurred. According to Plaintiffs, he suffered severe injuries in the accident. Plaintiffs assert strict product liability, negligence, and breach of warranty claims against Ford with respect to the design, manufacture and sale of the Ford vehicle. They seek compensatory and exemplary damages. Ford denies all allegations of product defect and will allege that Jorge Enrique Pineda Carvajal is responsible for the crash and Plaintiffs' damages.**

4.  Specify the allegation of federal jurisdiction.

**RESPONSE: Ford alleges that this Court has jurisdiction under Title 28, United States Code, Sections 1332 and 1441(a), in that it is a civil action between completely diverse parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs.**

5.  Name the parties who disagree and the reasons.

**RESPONSE: None.**

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**RESPONSE: Plaintiffs do not anticipate any additional parties at this time. Ford will allege that the fault of the Explorer's driver, Jorge Enrique Pineda Carvajal, is responsible for the crash and Plaintiffs' damages.**

7.  List any anticipated interventions.

**RESPONSE: Plaintiffs and Defendant do not anticipate any interventions at this time.**

8.  Describe class-action issues.

**RESPONSE: None.**

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**RESPONSE: Neither Plaintiffs nor Defendant has made initial disclosure at this time. The parties have agreed to exchange disclosures within 30 days following the initial pre-trial conference in this matter presently scheduled for July 18, 2003.**

10. Describe the proposed agreed discovery plan, including:

   A.  Responses to all the matters raised in Rule 26(f).
   B.  When and to whom the plaintiffs anticipate they may send interrogatories.
   C.  When and to whom the defendant anticipates it may send interrogatories.
   D.  Of whom and by when the plaintiffs anticipate taking oral depositions.
   E.  Of whom and by when the defendant anticipates taking oral depositions.
   F.  When the plaintiffs (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.
   G.  List expert depositions the plaintiffs (or the party with the burden of proof on an issue) anticipate taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).
   H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**RESPONSE:**

**A.   The parties have agreed to exchange disclosures required by Rule 26(a)(1) within 30 days following the initial pre-trial conference in this matter presently scheduled for July 18, 2003. The parties anticipate fact discovery regarding the nature and cause of the crash, the design and development of the Explorer, and the damages claimed by Plaintiffs. Expert discovery regarding these same topics is anticipated as well. The parties believe that phased discovery will permit the most efficient preparation of this case for trial and recommend a fact discovery deadline (discovery to be completed) of December 31, 2003, and an expert discovery deadline of March 28, 2004. Due to the complexity of this case, the parties recommend suspension of the discovery limitation set forth in Rule 30(a)(2)(A). Defendant anticipates the need for a protective order pursuant to Rule 26(c) may arise depending on the nature of Plaintiffs' discovery requests. If and when warranted by the facts, Defendant will submit either an Agreed Protective Order or a Motion for Protective Order for the Court's consideration.**

**B.   Plaintiffs anticipate sending interrogatories to Defendant. Plaintiffs will serve such interrogatories no later than September 18, 2003.**

C.   Defendant anticipates sending interrogatories to all Plaintiffs. Defendant will serve such interrogatories no later than September 18, 2003.

D/E.   The parties anticipate taking the depositions of all investigating police officials, emergency ambulance and medical personnel, if any, medical examiners, witnesses to the subject accident, and opposing experts. Additionally, Plaintiffs anticipate taking the deposition(s) of Ford corporate representative(s) designated to testify about the design, development, testing, and marketing of the Explorer; and Defendant anticipates taking the depositions of all Plaintiffs and other witnesses, if any, with knowledge relevant to Plaintiffs' damage claims. The depositions will be completed in accordance with the discovery deadlines set forth in subsection A above. Also, it is important to note that because this accident took place in Venezuela, deposition testimony will most likely be the only method of presenting a substantial part of the factual testimony in this matter. It may be difficult to arrange such depositions, and the identities and locations of all potential witnesses is unknown at this time.

F/G/H.   The parties would request that Plaintiffs (or the party with the burden of proof on an issue) designate testifying experts and provide the reports required by Rule 26(a)(2)(B) no later than January 28, 2004. Such experts to be produced for deposition no later than February 13, 2004. The parties would request that opposing parties designate testifying experts and provide the reports required by Rule 26(a)(2)(B) no later than March 12, 2004. Such experts to be produced for deposition no later than March 26, 2004.

11.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

   **RESPONSE: The parties are in general agreement to the discovery plan as outlined herein.**

12.  Specify the discovery beyond initial disclosures that has been undertaken to date.

   **RESPONSE: Defendant has inspected the vehicle at issue in this case.**

13.  State the date the planned discovery can be completed.

   **RESPONSE: See response to Question 10(A) above.**

14.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   **RESPONSE: The parties agree that settlement discussions which may lead to a settlement are possible after some amount of preliminary discovery has been conducted. The parties agree to communicate in good faith regarding the potential for any such settlement.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **RESPONSE: The parties believe that it is too premature to seriously discuss resolution at this time. The parties are cooperating in reaching agreements with respect to discovery and pretrial matters that may lead to fruitful resolution discussions.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such technique may be effectively used in this case.

    **RESPONSE: The parties are amenable to a mediation following some amount of preliminary discovery, as discussed in response to Question 14 above. The parties agree to communicate in good faith regarding the desirability of employing such techniques and to timely conduct such effort when appropriate.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **RESPONSE: The parties do not agree to a trial before a Magistrate at this time.**

18. State whether a jury demand has been made and if it was made on time.

    **RESPONSE: Plaintiffs made a timely jury demand, upon which Defendant relies.**

19. Specify the number of hours it will take to present evidence in this case.

    **RESPONSE: The parties anticipate that it will take 80-100 hours to present evidence in this case. Cases of this nature are generally tried over the course of 2 ½ to 3 weeks (5 trial days per week).**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **RESPONSE: None. Ford, however, anticipates filing in the near future a motion to dismiss based on the doctrine of forum non conveniens.**

21. List other motions pending.

    **RESPONSE: Plaintiffs have filed a Motion to Substitute Counsel.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**RESPONSE: The accident giving rise to this suit occurred in Venezuela. As a result, the Plaintiffs, investigating officers, medical treatment personnel, and any witnesses to the accident reside in Venezuela. This may lengthen and complicate the discovery process.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure, listing the date of filing for original and any amendments.

**RESPONSE: Plaintiffs filed their Disclosure of Interested Parties on April 8, 2003. Defendant filed its Disclosure of Interested Parties on April 7, 2003. No amendments have been filed.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

**RESPONSE:**

*For Plaintiffs*:

Juan A. Gonzalez[1]
Attorney in Charge
Southern District Admissions No. 3472
State Bar No. 08129310

LAW OFFICE OF MARK A. CANTU
The Atrium
1300 N. 10th Street, Suite 400
McAllen, Texas 78501
956-687-8181
956-687-8868 (fax)

---

[1] Pending Court approval of Plaintiffs' Motion to Substitute Mr. Gonzalez in as Attorney-in-Charge in place of Mr. Mark Cantu.

*For Ford Motor Company*:

Ronald D. Wamsted
Attorney in Charge
Southern District Admissions No. 17108
State Bar No. 20832000
John W. Chambless, II
Souther District Admissions No. 20674
State Bar No. 00796334


BROWN MCCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (fax)

and

Jaime A. Saenz
Federal I.D. No. 7630
State Bar No. 17514859
Co-Counsel for Defendant Ford Motor Company
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P. O. Box 2155
Brownsville, TX 78522
(956) 542-7441
(956) 541-2170 (fax)

Respectfully submitted,

BROWN McCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 Fax

By: _____ *(signed by permission, JWCh, SBN 00796334)*
Ronald D. Wamsted
Attorney-In-Charge
State Bar No. 20832000
Southern District Admissions No. 17108
John W. Chambless, II
Southern District Admissions No. 20674
State Bar No. 00796334
Jaime A. Saenz
Federal I.D. No. 7630
State Bar No. 17514859

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

and

LAW OFFICE OF MARK A. CANTU
The Atrium
1300 N. 10th Street, Suite 400
McAllen, Texas 78501

By: _____ *(signed by permission, JWCh, SBN 00796334)*
Juan A. Gonzalez
Attorney-In-Charge
Southern District Admissions No. 3472
State Bar No. 08129310

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document has been forwarded via telefax and regular mail, to all counsel of record on this ___ day of July, 2003.

Mark A. Cantu
Juan Gonzalez
LAW OFFICE OF MARK A. CANTU
The Atrium
1300 N. 10th, Suite 400
McAllen, Texas 78501

              _____
              John W. Chambless, II