United States District Court
Southern District of Texas
FILED

SEP 2 2 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

| | |
|---|---|
| JORGE ENRIQUE PINEDA MORALES And MAYTHEM GIORGINA PINEDA MORALES, INDIVIDUALLY AND AS ADMINISTRATOR/IX OF THE ESTATE OF JORGE ENRIQUE PINEDA CARVAJAL, Deceased; BEATRIZ DEL VALLE PINEDA, INDIVIDUALLY, GIORGIA PINEDA MORALES, EDWARD ENRIQUE PINEDA MORALES, INDIVIDUALLY; <br><br> DOLORES CHACON DE PINEDA, INDIVIDUALLY AND AS NEXT FRIEND OF JORGE LUIS PINEDA CHACON <br><br> Plaintiffs <br><br> Vs. <br><br> FORD MOTOR COMPANY <br> Defendant | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-03-061 |

---

**PLAINTIFFS' MOTION TO EXTEND TIME FOR *FORUM NON CONVENIENS* AND CONFLICT OF LAWS DISCOVERY**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Plaintiffs, JORGE ENRIQUE PINEDA MORALES And MAYTHEM GIORGINA PINEDA MORALES, INDIVIDUALLY AND AS ADMINISTRATOR/IX OF THE ESTATE OF JORGE ENRIQUE PINEDA CARVAJAL, Deceased; BEATRIZ DEL VALLE PINEDA, INDIVIDUALLY, GIORGIA PINEDA MORALES, EDWARD ENRIQUE PINEDA MORALES, INDIVIDUALLY; DOLORES CHACON DE PINEDA, INDIVIDUALLY AND AS

1

NEXT FRIEND OF JORGE LUIS PINEDA CHACON in the above-styled and numbered cause and file and file this their Motion to Extend Time for Discovery on *forum non conveniens* issues and would show the Court as follows:

## I. Background

A. On July 21, 2003, this Court entered a Scheduling Order on the above numbered and styled cause.

B. Pursuant to the Scheduling Order, any *forum non conveniens* or other venue related motion was to be filed by August 29, 2003. Any reply to that motion was to be filed by September 26, 2003. Any reply to that response is to be filed by October 3, 2003. The Court indicated that it would decide if a hearing is necessary after reviewing the motion and response therein.

C. Defendant filed its Motion to Dismiss on *Forum Non Conveniens* grounds timely.

D. Plaintiffs filed their Response to Defendant's Motion to Dismiss on *Forum Non Conveniens* grounds timely.

E. Plaintiffs propounded to the Defendant Interrogatories, Requests for Production, and Requests for Admissions targeting the merits of *forum non conveniens* on September 22, 2003, and noticed the depositions of Defendant's proposed Venezuelan law experts, Victor Hugo Guerra Hernandez and Enrique LaGrange for October 6, 2003.

## II. Argument and Authorities

**Plaintiffs should be allowed additional time to conduct *forum non conveniens* and conflict of laws discovery, to prepare and file sur-reply based on discovery, and to confer and adequately prepare for any further proceedings.**

A. Because the Court conducts a fact-based inquiry when ruling on a motion to dismiss for *forum non conveniens*, it behooves courts to permit discovery on facts

2

relevant to *forum non conveniens motions*. Indeed, the development of the relevant facts is vital to a decision strong enough to withstand appeal. *La Sequridad v. Transytur Line*, 707 F.2d 1304, 1308-10 (S.D.N.Y. 1994). In *In re Bridgestone/Firestone*, where defendants filed motions for dismissal on the basis of *forum non conveniens*, the multi-district court granted the plaintiff's motion to have the court set a discovery and briefing schedule noting that "some discovery is necessary to the consideration of Defendants' motions." *In re Bridgstone/Firestone, Inc.*, 131 F.Supp. 2d 1027, 1030 (S.D. Indiana 2001). In the case at bar, the Court has allowed the parties to engage in *forum non conveniens* discovery however, additional time is needed to complete discovery for the following reasons:

1. Defendants make a number of sweeping assertions regarding the private and public factors enunciated in *Gulf Oil* in support of its *forum non conveniens* motion. Defendants have not submitted any evidence, even affidavits, supporting its factual claims, which raise the question of what is really known about the facts pertinent to Defendants' motions. Plaintiffs seek to determine, clarify and verify the facts pertinent to Defendant's motion by use of written discovery.

2. Plaintiffs seek to depose Enrique Lagrange and Victor Hugo Guerra Hernandez, Defendant's proposed foreign law experts, and to conduct other expert discovery. Discovery as to the qualifications of and the basis for Lagrange's and Hernandez' opinions and conclusions appropriate here, as it is generally for the testimony of experts. *Haarhuis v Kunnan Enterprises, Ltd.*, 223 B.R. 252, 257 (D.D.C. 1998). Further, depositions of Defendants' proposed experts are necessary to prepare file and argue a *Daubert* challenge.

### III. Conclusion and Prayer

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request and pray that this Court grant their Motion to Extend Time to conduct *forum non conveniens* and conflict of laws discovery and to allow Plaintiffs additional time to prepare and submit its sur-reply based on that discovery prior to the Court either ruling on the merits based solely on the submitted motion and responses or scheduling a hearing on Defendant's motion and the presentation of oral argument.

Respectfully submitted,

LAW OFFICE OF MARK A. CANTU
*THE ATRIUM*
1300 N. 10th St., Suite 400
McAllen, Texas 78501
Tel: 956/687-8181
Fax: 956/687-8868

Juan A. Gonzalez
State Bar No. 08129310
Ricardo G. Benavides
State Bar. No. 24031735

ATTORNEYS FOR PLAINTIFFS

4

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the following counsel of record via telefax, certified mail return receipt requested, regular mail and/or hand delivery on this the _____ day of September 2003.

Ronald D. Wamsted
John W. Chamless, II
Brown McCarroll, L.L.P.
111 Congress Avenue, Ste. 1400
Austin, Texas 78701


Jaime Saenz
Rodriguez, Colvin & Chaney, L.L.P.
P.O. Box 2155
Brownsville, Texas 78522
**Attorneys for Ford Motor Company**

_____
JUAN A. GONZALEZ
RICARDO G. BENAVIDES

5