**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

OCT 2 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JORGE ENRIQUE PINEDA MORALES | § | |
| AND MAYTHEM GIORGINA PINEDA | § | |
| MORALES, INDIVIDUALLY AND AS | § | |
| ADMINISTRATOR/IX OF THE ESTATE | § | |
| OF JORGE ENRIQUE PINEDA CARVAJAL, | § | |
| DECEASED; BEATRIZ DEL VALLE PINEDA, | § | CIVIL ACTION NO. B-03-061 |
| INDIVIDUALLY; THEMMAY GIORGIA | § | |
| PINEDA MORALES; EDWARD ENRIQUE | § | |
| PINEDA MORALES, INDIVIDUALLY; | § | |
| DOLORES CHACON PINEDA, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND OF | § | |
| JORGE LUIS PINEDA CHACON | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | |
| | § | |
| **FORD MOTOR COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

---

**FORD MOTOR COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO COMPEL ORAL DEPOSITIONS OF VICTOR HUGO GUERRA**
**HERNANDEZ AND ENRIQUE LaGRANGE**

---

Ford Motor Company, Defendant, files this Response in Opposition to Plaintiffs' Motion to Compel Oral Depositions of Victor Hugo Guerra Hernandez and Enrique LaGrange, and allege:

**I.      SUMMARY OF RESPONSE.**

Plaintiffs' motion to compel the depositions of Hugo Guerra Hernandez ("Guerra") and Enrique LaGrange ("LaGrange") lacks merit and should be denied. First, there is no legitimate need to take the depositions. Guerra's and LaGrange's affidavits address only Venezuelan law, and the Court, as determiner of the law, is free to adopt those affidavits, Plaintiffs' experts'

affidavits on the subject, or conduct its own legal research. In any case, Venezuelan law cannot be changed -- and should not be manipulated -- through a deposition.

Second, Plaintiffs' motion should be denied because the requested depositions are prohibited by Rule 26. That rule prohibits depositions of experts who will not testify at trial unless a party can show that the information known to the expert cannot be obtained by other practical means. Plaintiffs cannot meet this test because they have already filed their own expert affidavits on Venezuelan law. Therefore, under Rule 26, they should not be permitted to depose Guerra and LaGrange.

Third and finally, Plaintiffs' motion should be denied because it is nothing more than an attempt to delay this Court's ruling on Ford's motion to dismiss. The deposition notices for Guerra and LaGrange were served only three days before Plaintiffs' response to Ford's motions were due, and even then the depositions were scheduled to occur *after* the response deadline. As stated, Plaintiffs have already filed abundant affidavit testimony on Venezuelan law, and Ford's motion is ripe for decision. For all of these reasons, Plaintiffs' motion to compel should be denied.

## II.    FACTUAL BACKGROUND.

Plaintiffs' motion to compel suggests that this Court's scheduling order provided Plaintiff with a deadline of October 10, 2003, to file a sur-reply as to Ford's *forum non conveniens* motion. (Pls.' Mot. at II.) Ford is unaware of such a deadline or, for that matter, the right to file a sur-reply. Otherwise, the outline of the background facts in Plaintiffs' motion is generally accurate. Yet for the reasons below, Plaintiffs' motion should be denied.

2

## III.  PLAINTIFFS' MOTION SHOULD BE DENIED.

### A.  Ford incorporates its prior response to Plaintiffs' request for extension of time.

In support of this Response, Ford incorporates herein by reference Ford's Response in Opposition to Plaintiffs' Motion to Extend Time For *Forum Non Conveniens* and Conflict of Laws Discovery.  Ford filed that Response with the Court on or about October 2, 2003.

### B.  There is no legitimate need to depose Guerra and LaGrange.

Because the affidavits of Guerra and LaGrange address pure questions of law, there is no legitimate need to take their depositions.  Specifically, Guerra's and LaGrange's affidavits provide legal testimony on Venezuelan law.  The same is true with respect with to the affidavits of Plaintiffs' experts, Tatiana B. de Maekelt and James Otis Rodner.  Yet the Court, as the determiner of the law, is free to consider and weigh any of those affidavits or conduct its own research into Venezuelan law.  Likewise, the Court is free to consider the qualifications of those individuals as set forth in their respective affidavits.  But in no event will a deposition of any of those individuals *change* the law of Venezuela.  Any questions regarding Venezuelan law are pure legal questions for the Court to decide.

Indeed, Judge Robert A. Junell of the Western District recently employed this reasoning in denying a deposition request identical to the one now before the court.  (*See* Ford Motor Company's Response in Opposition to Plaintiffs' Motion to Extend Time For *Forum Non Conveniens* and Conflict of Laws Discovery at 8.)  In fact, in those two Venezuelan accident cases, Judge Junell denied the plaintiffs (who were represented by the same plaintiffs counsel in this case) an extension of time to conduct *forum non conveniens* discovery. (*Id.*)  In doing so, the court recognized that the questions regarding Venezuelan law were pure legal questions and

3

refused to allow the depositions of Guerra and LaGrange. (*Id.*) Ford asks this Court to issue a similar ruling.

To hold otherwise would allow Plaintiffs to invade the function of the Court. Under our system, the Court determines the law. It is not subject to change during the course of a deposition. Yet that is exactly what Plaintiffs are trying to do. They want to twist or manipulate Venezuelan law in their favor. Under our system, the law should not be open to such distortion. Plaintiffs' motion to compel should be denied.

## C.    The depositions are prohibited by Rule 26.

Plaintiffs' motion to compel should also be denied under Federal Rule of Procedure 26. Guerra and LaGrange are not expert witnesses who will be offering expert opinions at trial. Thus, they do not fall under the general provision allowing for the depositions of testifying experts. *See* FED. R. CIV. P. 26(b)(4)(A) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial."). At most, these individuals fall under Rule 26(b)(4)(B). That rule prohibits the deposition of a non-testifying expert unless a party shows "exceptional circumstances" which make it impracticable to obtain the facts or opinions on the same subject by other means. *See* FED. R. CIV. P. 26(b)(4)(B). Indeed, one purpose of the Rule is to prevent one side from obtaining a "lock" on the sole source of information relevant to a lawsuit. *See* 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2032 (1994).

But in this case Ford obviously does not have a "lock" on the only source of information on Venezuelan law. To the contrary, Plaintiffs have filed the affidavits of de Maekelt and Rodner, both of whom are proffered as experts on Venezuelan law. More importantly, their affidavits address, or could address, the same subject and information that the Guerra and

4

LaGrange affidavits address, which is Venezuelan law. For this reason, Plaintiffs cannot meet the "exceptional circumstances" test of Rule 26, and the depositions should not be allowed. Plaintiffs' motion to compel should be denied

**D.    Plaintiffs' efforts are simply for delay.**

Ostensibly, Plaintiffs seek to depose Guerra and LaGrange because, according to their motion, "it is beneficial for the Court to ascertain the qualifications of Defendants' proposed experts as well the factual and legal basis for their opinions and conclusions." (Pls.' Mot. at II.) But in reality, Plaintiffs' attempt to depose these individuals is simply an effort to further delay this Court's ruling on Ford's pending motion to dismiss.

The facts inescapably lead to this conclusion. For example, Plaintiffs' counsel is no stranger to *forum non conveniens* and choice of law motions filed by Ford in Venezuelan accident cases. (*See* Ford Motor Company's Response in Opposition to Plaintiffs' Motion to Extend Time For *Forum Non Conveniens* and Conflict of Laws Discovery at 8.) Nor are they strangers to the substance of affidavit testimony from Guerra and LaGrange in support of such motions. (*Id.*) In fact, for the past year or so, Plaintiffs' counsel has encountered all of these things in the Firestone/Ford Multi District Litigation in Indiana, as well as in various state and federal courts in Texas. (*Id.*) This includes two recent Venezuelan cases in the Western District, where Judge Junell dismissed the cases under *forum non conveniens*. (*Id.*) Moreover, according to Plaintiffs' own counsel, the *forum non conveniens* and choice of law issues are the same in all of the Venezuelan cases. (*Id.* at 5-6.)

Yet even with this prior knowledge, Plaintiffs in this case still had ample opportunity to conduct reasonable discovery (assuming it was needed) and prepare for Ford's *forum non conveniens* and choice of law motions. To be sure, at the Court's initial pre-trial conference on

5

July 18, 2003, Plaintiffs did not even mention a possible need for additional time to conduct *forum non conveniens* or choice of law discovery. In fact, they agreed to the schedule suggested by the Court. And that schedule set forth clear deadlines for Ford to file its motion to dismiss and for Plaintiffs to respond.

Thus, when Plaintiffs serve deposition notices for Guerra and LaGrange three days before their response deadline – and then meet that deadline with their own Venezuelan law affidavits – the argument that the depositions of Guerra and LaGrange are now needed to assist this Court simply rings hollow. After all, Plaintiffs scheduled the deposition to occur *after* their response deadline. In short, Ford's motion to dismiss has been fully briefed, and has been supported by evidence from both sides. It is ripe for a decision and should not be further delayed by two unnecessary depositions. Ford asks this Court to deny Plaintiffs' motion to compel.

## IV.  PRAYER.

For the reasons stated herein, Ford requests that this Court deny Plaintiffs' Motion to Compel the Oral Depositions of Victor Hugo Guerra Hernandez and Enrique LaGrange.

AUS:2075628.1
13486.95555

Respectfully submitted,

**BROWN McCARROLL, L.L.P.**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 Telephone
(512) 479-1101 Fax


By:_____
        Ronald D. Wamsted
        Attorney-In-Charge
        State Bar No. 20832000
        Southern District Admissions No. 17108
        John W. Chambless, II
        Southern District Admissions No. 20674
        State Bar No. 00796334
        Jaime A. Saenz
        Federal I.D. No. 7630
        State Bar No. 17514859

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded via certified mail to all counsel of record on this 21 st day of October, 2003.

Mark A. Cantu
Juan Gonzalez
LAW OFFICE OF MARK A. CANTU
1300 N. 10th, Suite 400
McAllen, Texas 78501


_____
John W. Chambless, II

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JORGE ENRIQUE PINEDA MORALES | § | |
| AND MAYTHEM GIORGINA PINEDA | § | |
| MORALES, INDIVIDUALLY AND AS | § | |
| ADMINISTRATOR/IX OF THE ESTATE | § | |
| OF JORGE ENRIQUE PINEDA CARVAJAL, | § | |
| DECEASED; BEATRIZ DEL VALLE PINEDA, | § | CIVIL ACTION NO. B-03-061 |
| INDIVIDUALLY; THEMMAY GIORGIA | § | |
| PINEDA MORALES; EDWARD ENRIQUE | § | |
| PINEDA MORALES, INDIVIDUALLY; | § | |
| DOLORES CHACON PINEDA, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND OF | § | |
| JORGE LUIS PINEDA CHACON | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| FORD MOTOR COMPANY | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Came on to be considered this day Plaintiffs' Motion to Compel Oral Depositions of Victor Hugo Guerra Hernandez and Enrique LaGrange. Having considered the Motion, Defendant's Response, and applicable law, the Court is of the opinion that said Motion should be in all things DENIED. It is therefore

ORDERED that Plaintiffs' Motion to Compel Oral Depositions of Victor Hugo Guerra Hernandez and Enrique LaGrange is DENIED.

Signed this _____ day of _____, 2003.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE