IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 6 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JORGE ENRIQUE PINEDA MORALES AND MAYTHEM GIORGINA PINEDA MORALES, INDIVIDUALLY AND AS ADMINISTRATOR/IX OF THE ESTATE OF JORGE ENRIQUE PINEDA CARVAJAL, DECEASED; BEATRIZ DEL VALLE PINEDA, INDIVIDUALLY; THEMMAY GIORGIA PINEDA MORALES; EDWARD ENRIQUE PINEDA MORALES, INDIVIDUALLY; DOLORES CHACON PINEDA, INDIVIDUALLY AND AS NEXT FRIEND OF JORGE LUIS PINEDA CHACON<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY<br><br>Defendant. | CIVIL ACTION NO. B-03-061 |

## FORD MOTOR COMPANY'S RESPONSE TO PLAINTIFFS' UNOPPOSED MOTION TO ENLARGE TIME

Ford Motor Company, Defendant, files this Response to Plaintiffs' Unopposed Motion to Enlarge Time, and alleges:

I.   **Ford is Opposed to the January 5, 2004, Deadline Requested by Plaintiffs.**

Ford does not oppose a short extension of time for Plaintiffs to file additional *forum non conveniens* evidence or briefing. For reasons beyond Ford's control, the deposition of one of Ford's foreign law experts, Mr. LaGrange, could not occur until November 19, 2003. For this

reason, and this reason alone, Ford would not oppose an extension until December 8, 2003. However, Ford opposes Plaintiffs' request to extend the deadline to January 5, 2004.[1]

## II.   Plaintiffs Have No Legitimate Reason to Extend the Deadline Until January 2004.

Plaintiffs' sole reason for extending the briefing deadline until January 5, 2004, lacks merit. Aside from the issue regarding the deposition of Mr. LaGrange, the only reason offered by Plaintiffs for more time surrounds written discovery. (Pls.' Mot. at ¶'s 5 – 10.) According to Plaintiffs, Ford's objections and responses to written discovery were "inadequate and improper", (*Id.* at ¶ 5), and thus more time is needed for Ford to "reconsider" its answers and provide Plaintiffs with requested documents, (*Id.* at ¶10).

After conferring with Plaintiffs' counsel, Ford stands by its answers and objections to Plaintiffs' written discovery requests. It is Ford's understanding from the last telephonic hearing that the Court is inclined at this stage to allow only *forum non conveniens* related discovery. Yet a majority of Plaintiffs' written requests are much broader in scope. Many requests, for example, seek liability-related information regarding almost every Explorer, or Explorer-type vehicle, that Ford has produced and sold around the world. Other requests seek every conceivable document related to every component part of these vehicles. Such requests, aside from being objectionable on other grounds, simply have no bearing on the issues related to *forum non conveniens*.

Nevertheless, in attempt to provide Plaintiffs with requested material, Ford has produced at least six (6) boxes of documents to Plaintiffs. (*See* Ex. "B.") And although Ford has provided Plaintiffs' counsel in the past with a password to access Ford's database website, it will attempt

---

[1] Apparently, Plaintiffs' designation of its motion as "unopposed" resulted from a misunderstanding. During a November 20, 2003, phone conference on the matter, the undersigned counsel for Ford tentatively agreed to a January 5, 2004 deadline, but then stated that before doing so, he wanted to review the motion to be filed, which had not been provided to him by Plaintiffs. He then informed Plaintiffs' counsel that he would review the motion once received and send a written response. After reviewing the motion and discussing it internally, the decision was made to oppose the extension to January 5, 2004. A letter was sent to Plaintiffs' counsel indicating the opposition, but apparently the motion had already been filed. (*See* Exhibit "A.")

2

to do so again. But even still, the information in that website -- which presumably Plaintiffs have reviewed in the past -- is mostly responsive to liability-related discovery requests. In short, there is essentially little, if anything, further that Plaintiffs can obtain through written discovery that is relevant and material to the *forum non conveniens* issue.

### III.   Plaintiffs' Request to Extend Time is Yet Another Attempt to Delay.

It appears that Plaintiffs' repeated attempts to extend the time for responding to Ford's *forum non conveniens* motion are simply efforts to further delay a ruling on the motion. Indeed, this is evidenced by the recent depositions that Plaintiffs recently conducted of Ford's foreign law experts, Mr. Guerra and Mr. LaGrange. Prior to those depositions, Plaintiffs argued to this Court that the *forum non conveniens* briefing schedule should be extended so that they could, among other things, depose Guerra and LaGrange. And at a significant expense, Ford arranged for the appearance of Guerra and LaGrange in Houston, Texas, from Venezuela. Yet despite all of this, Plaintiffs essentially failed at the deposition to obtain any material information beyond that already contained the affidavits of Guerra and LaGrange.[2]

### IV.   Conclusion.

Plaintiffs have known of Ford's intention to seek a *forum non conveniens* dismissal of this case since March, 2003, when Ford filed its state-court motion. Yet despite having eight months to respond, Plaintiffs are still asking for more time to do so. While Ford does not oppose a short extension, it objects to an extension into next year. For this reason, Ford respectfully asks this Court to deny Plaintiffs' Motion to the extent it seeks an extension to file additional *forum non conveniens* briefing and evidence to January 5, 2004.

---

[2] In effort to reduce the size of this Response and save resources, Ford has not attached the deposition transcript of Guerra (which it has) or LaGrange (which is expected in the next few days). Ford will provide one or both of them, however, to further illustrate its argument should this Court indicate it would like to review them.

3

Respectfully submitted,

**BROWN McCARROLL, L.L.P.**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 Telephone
(512) 479-1101 Fax

By: _____
Ronald D. Wamsted
Attorney-In-Charge
State Bar No. 20832000
Southern District Admissions No. 17108
John W. Chambless, II
Southern District Admissions No. 20674
State Bar No. 00796334
Jaime A. Saenz
Federal I.D. No. 7630
State Bar No. 17514859

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded via certified mail to all counsel of record on this 25th day of November, 2003.

Mark A. Cantu
Juan Gonzalez
LAW OFFICE OF MARK A. CANTU
1300 N. 10th, Suite 400
McAllen, Texas 78501

_____
John W. Chambless, II

4

AUS:2114642.1
13486.95555


**Brown | McCarroll**
L.L.P.

111 Congress Avenue, Suite 1400, Austin, Texas 78701-4043
512-472-5456   fax 512-479-1101

direct (512) 479-1115 jalcala@mailbmc.com

November 21, 2003

**VIA TELECOPY**

Rick Benavides
Juan A. Gonzalez
Law Office of Mark A. Cantu
The Atrium
1300 North 10th Street, Suite 400
McAllen, Texas 78501

    Re:    Civil Action No. B-03-061; *Jorge Enrique Pineda Morales, et al vs. Ford Motor Company*; In the United States District Court, Southern District of Texas, Brownsville Division

Dear Rick and Juan:

    I am in receipt of your correspondence dated November 20, 2003. We cannot agree with the terms of the proposed motion and are, therefore, opposed. Also note that we were not able to reply before 3:00 p.m. (as your letter requested) because the fax was received at 3:08 p.m.

    If you have any questions or concerns, please feel free to call me at the above-referenced number.

                                          Sincerely

                                          Juan M. Alcala

JMA:vc

AUS:2114026.1
13486.95555

**EXHIBIT A**

Austin • Dallas • Houston • Longview



Brown McCarroll
L.L.P.

111 Congress Avenue, Suite 1400, Austin, Texas 78701-4043
512-472-5456  fax 512-479-1101

direct  (512) 370-3371

November 21, 2003

**VIA U.P.S. GROUND**
Mark A. Cantu
Juan Gonzalez
LAW OFFICE OF MARK A. CANTU
The Atrium
1300 N. 10th Street, Suite 400
McAllen, Texas 78501

Re:   Civil Action No. B-03-061; *Jorge Enrique Pineda Morales and Maythem Giorgina Pineda Morales, Individually and as Administrator/ix of the Estate of Jorge Enrique Pineda Carvajal, Deceased; Beatriz Del Valle Pineda, Individually; Themmay Girogia Pineda Morales, Edward Enrique Pineda Morales, Individually; Dolores Chacon De Pineda, Individually and as Next Friend of Jorge Luis Pineda Chacon vs. Ford Motor Company;* In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Counsel:

Enclosed please find the following documents responsive to Plaintiffs' discovery requests:

- Statistical review of Explorer accidents (Rog # 10);
- Venezuelan version of the 1999-2002 Owner Guide (Rog # 16);
- Vehicle invoice (Rog # 15); there are no warranty records available for this vehicle;
- In-Data form to order the Explorer Lawsuits & Claims CD;
- Explorer Lawsuits & Claims not contained on the Explorer Lawsuits & Claims CD.

Sincerely,

*Audrey Smith*

Audrey Smith
Legal Assistant

Enclosures (6 boxes)
AUS:2113825.1
13486.95555
icc:   John Chambless ✓
       Jaime Saenz

**EXHIBIT B**

Austin • Dallas • Houston • Longview