IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**DEC 1 8 2003**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JORGE ENRIQUE PINEDA MORALES | § | |
| AND MAYTHEM GIORGINA PINEDA | § | |
| MORALES, INDIVIDUALLY AND AS | § | |
| ADMINISTRATOR/IX OF THE ESTATE | § | |
| OF JORGE ENRIQUE PINEDA CARVAJAL, | § | |
| DECEASED; BEATRIZ DEL VALLE PINEDA, | § | CIVIL ACTION NO. B-03-061 |
| INDIVIDUALLY; THEMMAY GIORGIA | § | |
| PINEDA MORALES; EDWARD ENRIQUE | § | |
| PINEDA MORALES, INDIVIDUALLY; | § | |
| DOLORES CHACON PINEDA, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND OF | § | |
| JORGE LUIS PINEDA CHACON | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| FORD MOTOR COMPANY | § | |
| | § | |
| Defendant. | § | |

---

## FORD MOTOR COMPANY'S RESPONSE TO
## PLAINTIFFS' MOTION TO COMPEL

---

Ford Motor Company, Defendant, files this Response to Plaintiffs' Motion to Compel Answers to Interrogatories, Requests for Production, and Request for Admissions, and alleges:

**I.    Summary of Response.**

Distilled to its essence, Plaintiffs' motion is simply a list written discovery requests followed by canned legal arguments. Because the motion lacks substance, it is somewhat difficult to respond to other than to simply refer to Ford's objections and responses. But in an attempt to provide some substance and clarity, Ford submits that Plaintiffs' motion should be denied for two general reasons.

First, Ford has already produced an enormous amount of responsive material. Although Plaintiffs' motion fails to mention it, Ford has produced six boxes of documents, including Venezuelan related information regarding the subject vehicle. Ford has also given Plaintiffs access (once again) to Ford's internet based discovery website, which contains millions of pages of information regarding the Ford Explorer and an entire section entitled "Venezuelan Documents." Ford has produced this material despite the fact most, if not all, of Plaintiffs' requests are facially objectionable. In other words, Ford has produced a substantial amount of information in light of the objectionable nature of the requests. The fact Plaintiffs have not mentioned Ford's production, or apparently reviewed the material prior to filing the motion to compel, should be sanctionable.

Second, Plaintiffs' motion should be denied because Ford's objections are valid and necessary. The discovery requests identified in Plaintiffs' motion are facially objectionable, especially given that the Court has effectively limited discovery at this stage to *forum non conveniens* and choice of law issues. Yet despite the objectionable nature of the requests, Ford still provided responses to the discovery requests and has produced large amounts of responsive material. For all of these reasons, Plaintiffs' motion to compel should be denied.

## II.   Ford Has Already Produced Substantial Amounts of Responsive Material.

Noticeably absent from Plaintiffs' motion is any mention of the responsive material Ford has already produced. Ford has produced, for example, six boxes of documents, including statistical review information of Ford Explorer accidents and Venezuelan-related documents such as the vehicle owners' guide and vehicle invoice. (*See* Exhibit "A.") Ford has also informed Plaintiffs that there are no warranty records available for the particular vehicle. (*Id.*)

Ford has also produced photographs from the inspection of the subject vehicle. (*See* Exhibit "B".)

Perhaps most significant, however, with respect to document production, Plaintiffs have been given access to www.forddocs.com. (*See* Exhibit "C" and "D".) This searchable, internet-based website, to which Plaintiffs' counsel has been granted access in the past in other cases, contains millions of pages of information regarding the Ford Explorer and was established and approved for use in the Ford/Firestone federal multidistrict litigation in Indiana. Importantly, for purposes of Plaintiffs' motion to compel, this website contains a category of documents entitled "Venezuelan Documents", which consists of approximately 285,117 documents.

The production of this information by Ford is important and should have been referenced in Plaintiffs' motion to compel. It represents not only responsive document production but also Ford's good faith effort to comply with as much of the non-objectionable requests, or portions thereof, as Ford could decipher or respond to given the wording and sweeping nature of most of the requests.[1]

It is unknown, however, from Plaintiffs' motion if they even looked at the information prior to filing their motion. If Plaintiffs have a more specific request for a particular document or documents that may not be contained in what has already been produced, Ford will certainly address such a request in an expedited manner.

---

[1] Indeed, as written, Plaintiffs' written discovery requests together essentially seek almost every scrap of paper or information associated with the design, testing, manufacture, sell, and post-manufacture accidents involving the Ford Explorer, as well as other similar vehicle models, sold around the world. For example, Plaintiffs' written discovery requests, under the section "Instructions and Definitions", are prefaced with the following definition: "The term '**Ford Explorer**' is intended to refer to **all versions** of the **Ford Explorer, Mercury Mountaineer and Mazda Navajo** sold anywhere in the World." (Pls.' First Set of Forum Non Conveniens Interrogatories, Requests for Production and Request for Admissions to Defendant Ford Motor Company at 4) (emphasis in original).

## III.    Ford's Objections and Responses to Certain Interrogatories Are Proper.

Plaintiffs' arguments (Mot. at ¶ 13(a) – (e)) regarding Ford's responses and objections to certain interrogatories are without merit.  Ford stands by its objections and answers, which are self-explanatory, but offers the following brief paragraph-by-paragraph response to Plaintiffs' motion.

Paragraph 13(a).  In paragraph 13(a) of their motion to compel, Plaintiffs contend that Ford did not sign its answers under oath.  That is factually wrong.  (*See* Exhibit "E".)

Paragraph 13(b).  In paragraph 13(b), Plaintiffs argue that Ford waived certain attorney-client or work-product privileges in objecting to Interrogatory Nos. 4, 5, and 6.  That argument is wrong in several respects.  For example, Ford simply did not assert the attorney-client or work-product privilege in response to No. 6.  Next, Plaintiffs contend that Ford waived the privileges by not disclosing sufficient non-privileged information.  That is not true.  In response to Nos. 4 and 5, Ford indeed disclosed that one of its Design Analysis Engineers had inspected the vehicle.  Ford has even produced the photographs made at the inspection.  (*See* Exhibit "B".)  This information alone sufficiently answers Nos. 4 and 5.

Plaintiffs, however, would have Ford disclose privileged information.  Under Texas privilege law, which applies in this diversity action[2], attorney work product is: (1) material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives; or (2) a communication made in anticipation of litigation or for trial between a party and the party's representatives.  *See* Tex. R. Civ. P. 192.5(a).  Similarly, the attorney-client privilege protects communications between a client or client representative and a lawyer or lawyer representative for the purpose of facilitating the rendition of legal services.  *See* Tex. R. Evid. 503(b).

---

[2] *See* Fed. R. Evid. 501; *In Re: Avantel*, 343 F.3d 311, 323  (5th Cir. 2003).

In this case, Interrogatory No. 4, as worded, invades the work product privilege to the extent it seeks *the very fact of whether* Ford's counsel has hired an investigator in this case. Indeed, the primary question in the multi-part interrogatory asks Ford to disclose this fact. Meanwhile, the interrogatory's subpart questions presuppose Ford has hired an investigator and therefore it requires Ford to disclose protected information before answering. This information, however, is part of an attorney's strategy and thought process and, as such, is core work product and non-discoverable. *See* Tex. R. Civ. P. 192.5(b)(1).[3]  Similarly, the interrogatory seeks attorney client information as it necessarily requires revealing whether the hiring of an investigator was discussed or communicated between counsel and Ford. *See* Tex. R. Evid. 503(b).[4]

Ford recognizes that Plaintiffs may be entitled to underlying factual information, such as certain unmarked photographs of the vehicle and accident scene, as well as the identity of witnesses who have been discovered. *See* Tex. R. Civ. P. 192.5(c) (provides for exceptions to the work product privilege such as  photographs or identity of persons with knowledge of relevant facts).  And Ford has produced and disclosed such information.[5]  But Plaintiffs are not entitled to the protected information necessarily requested in Interrogatory Nos. 4 and 5 as those questions are currently framed.

---

[3]  And to the extent Plaintiffs contend Ford's information may be discoverable as non-core work-product, Plaintiffs are under a requirement to show a substantial need for such information without the ability to obtain it from other sources. *See* Tex. R. Civ. P. 192.5(b)(2).  No such showing has been made in this case.

[4]  The invasion of the privileges is more limited in Interrogatory No. 5, which seeks information about testing or inspecting of the subject vehicle. Ford has disclosed the identity of the Ford engineer who inspected the vehicle and has produced his bare photographs.  But it would be an invasion of privilege to require Ford to divulge work product associated with the inspection and Ford's counsel's use of it, as well any discussions between Ford's counsel and Ford about it.

[5]  Prior to filing this Response, Ford has supplemented its Initial Disclosures to add additional persons with knowledge of relevant facts (*e.g.* eyewitnesses and investigating officers).

Paragraph 13(c). Here, Plaintiffs list eleven interrogatories and claim that Ford asserted "a litany of objections" to each one rather than making a specific objection. Again, this is simply not true. Ford asserted a factual basis and specific reasons for most, if not all, of its objections to the interrogatories identified in subpart (c). For example, in response to Interrogatory No. 6, Ford states that its objection is based on the fact the request is not limited to the model series or model year of the subject Ford Explorer. *See e.g., Motton v. Owens*, 128 F.R.D. 72, 73 (M.D. Pa. 1989) (Plaintiff's failure to limit his production request to relevant time period made the request overbroad and unduly burdensome). Ford also provides in its answer to Interrogatory No. 6, as well as in the answers to the other interrogatories, more specific reasons for its objections. Plaintiffs' motion to compel, however, simply ignores the explanatory information contained in Ford's answers to the eleven interrogatories.

Setting aside, however, the specific information Ford included in its objections and answers, the eleven interrogatories listed by Plaintiffs are *facially* objectionable. Ford therefore had little choice but to assert proper objections. For example:

> Interrogatory No. 6. In this question, Plaintiffs ask Ford to identify five persons who "possess the greatest amount of knowledge with regard to the details of the design, testing, production of the Ford Explorer . . . and where the decisions and engineering choices were made." It borders on the absurd to identify five single individuals who fit these enormously broad parameters. Despite this, Ford nevertheless answered the question by, among other things, identifying Roger Chen, a Ford Design Analysis Engineer who inspected the vehicle, has having relevant knowledge with regard to the subject vehicle.

> Interrogatory Nos. 7 and 8. These questions require Ford to mathematically calculate the percentage of the vehicle – including all component parts – manufactured or assembled in United States. These question are, among other things, facially overly broad and unduly burdensome. It would be an almost endless undertaking to determine where every part and component part (and presumably component parts of components parts) were manufactured or assembled and then form a precise calculation for a percentage of what parts were manufactured or assembled in the United States. Moreover, such a task would be of no relevance. Of what relevance to this case is information concerning the

country of manufacture or assembly for parts, and component parts, of the air conditioning system? The stereo sound system? The answer is none.

Interrogatory No. 9. This question and Ford's response speak for themselves. The question is obviously overly broad and unduly burdensome as it seeks voluminous information about every component part of every Ford Explorer made around the world.

Interrogatory No. 10. This multi-faceted question asks Ford to identify documents regarding Ford Explorers and rollovers. It has nothing to do with *forum non conveniens* or choice of law issues. Nevertheless, Ford has produced documents in response to this interrogatory. (*See* Exhibit "A.") Plaintiffs fail to even mention this in their motion.

Interrogatory Nos. 11 and 12. The questions are the same as Interrogatories Nos. 7 and 8, except Plaintiffs have substituted "Venezuela" for "United States." For the most part, however, the objections are the same.

Interrogatory No. 13. This question seeks an almost unlimited amount of information regarding changes to the Ford Explorer, none of which is relevant to *forum non conveniens* or choice of law issues. Despite that, Ford answered the question, and Ford has provided Plaintiffs with access to a vast amount of responsive information in Ford's internet database.

Interrogatory Nos. 17. This question seeks information regarding the handling and stability of the 2001 Ford Explorer. Aside from being vague as phrased, the question simply has no connection whatsoever with *forum non conveniens* or choice of law issues. Nevertheless, Ford answered the question in light of its objectionable nature. Moreover, Ford has produced voluminous documents regarding the information requested.

Interrogatory Nos. 20 and 22. These open ended questions seek information regarding rollovers of Ford Explorers. They are unlimited with respect to time and vehicle year models. Aside from those objections, these interrogatories (like Interrogatory No. 17) seek information unrelated to *forum non conveniens* and choice of law issues.

As explained, the above interrogatories are grossly objectionable. Furthermore, most of them (Nos. 6, 9, 10, 13, 17, 20, and 22) essentially have no connection to *forum non conveniens* or choice of law issues. As such, there is no benefit to be gained at this stage from obtaining the requested the information when compared to the burden of having to under take the feat required to respond. *See e.g., Beach v. City of Olathe*, 203 F.R.D. 489, 493 D. Kan. 2001) (court held that

in determining whether an interrogatory is unduly burdensome, a court should balance the burden on the interrogated party against the benefit to the discovering party of the information).

Paragraph 13(d). In paragraph 13(d), Plaintiffs appear to argue that Ford waived its objections to Interrogatory No. 6 because, according to Plaintiffs, Ford did not answer the question and asserted an objection based solely on relevance and burdensomeness. This argument is frivolous. Contrary to Plaintiffs' suggestion, interrogatories are limited in scope by relevance and burdensomeness. *See* Fed. R. Civ. P. 26(b)(1) and (2); *Motton v. Owens*, 128 F.R.D. at 73 (Plaintiff's failure to limit his production request to relevant time period made the request overbroad and unduly burdensome). But apart from that, Ford answered the interrogatory despite its objectionable nature. (*See* Answer to Interrogatory No. 6.)

Paragraph 13(e). In paragraph 13(e), Plaintiffs take issue with the adequacy of Ford's answers to thirteen interrogatories. Plaintiffs baldly contend that the information sought by these requests are "necessary to the issue of forum non conveniens and conflict of laws . . . ." (Mot. at ¶13(e).) Yet even a cursory review of these interrogatories, as well as Ford's objections and answers, reveal that Plaintiffs' arguments have no merit. For example, Interrogatory Nos. 4 and 5, as explained above, are objectionable. Nevertheless, Ford answered Interrogatories Nos. 4 and 5 by providing Plaintiffs with the information requested in light of the objections. Ford even identified the Ford engineer who inspected the subject vehicle and produced the photographs taken during the inspection.

The same is true with respect to the remaining eleven interrogatory answers. As outlined above, those interrogatories are facially objectionable and are unrelated to *forum non conveniens* and choice of law issues. Nevertheless, Ford provided answers to those interrogatories despite their objectionable nature. Furthermore, as explained above, Ford has produced to Plaintiffs vast

amounts of tangible documents which contain information responsive to their interrogatories. In short, Plaintiffs' arguments regarding the adequacy of Ford's responses to the thirteen identified interrogatories should be rejected and Plaintiffs' motion denied.

**IV.    Ford's Objections and Answers to Certain Request For Production Are Proper.**

Similar to their approach to the interrogatories, Plaintiffs simply list several requests for production and then conclude that Ford has waived its objections and failed to produce requested documents. (Mot. at ¶ 13(f) – (h).) Ford stands by its objections and answers, which are self-explanatory, but offers the following brief response to Plaintiffs' motion.

Paragraphs 13(f) and (h). In paragraphs 13(f) and (h) of their motion, Plaintiffs set forth 24 separate request for production and argue that Ford asserted "a litany of objections" to each one rather than making a specific objection. They also complain of Ford's responses. These arguments fail for several reasons. First, the "litany of objections" argument is not accurate. Ford asserted a factual basis and specific reasons for most, if not all, of its objections to the identified request for production. In fact, with respect to several request for production, Ford referred Plaintiffs to their objections and answers to the interrogatory on which the particular request for production was based.

Second, Plaintiffs' conclusion that all of the identified request for production are relevant to *forum non conveniens* and choice of law issues is wrong. A majority of the requests (which are facially objectionable) obviously seek information related to *liability* issues. In fact, of the 24 Request for Production identified by Plaintiffs, only nine (Nos. 15, 17, 20, 28, 29, 30, 31, 33, and 40), arguably have any connection with Venezuela. And as to those nine requests, Ford has properly objected and responded. For example:

Request for Production Nos. 15 and 17. These requests (based on Interrogatories Nos. 8 and 12) are clearly objectionable because they apparently seek every document associated with the assembly of the Ford Explorer. Despite that, Ford answered (*see* Answers to Interrogatory Nos. 8 and 12) by stating that the vehicle was not assembled in the United States, but finally assembled in Venezuela, and that any documents regarding assembly in Venezuela would be produced if located.

Request for Production No. 20. Ford answered (*see* Answer to Interrogatory No. 15) that it would produce certain Venezuelan related responsive documents.

Requests for Production Nos. 28, 29, 30, and 31. Ford responded to these by indicating that it would produce any responsive Venezuelan related documents it could locate, assuming such documents even exist.

Request for Production No. 33. Ford is unsure of why this request is even in Plaintiffs' motion. Ford admitted the request for admission on which this request for production was based, so by the very terms of the request for production, there was no need to produce responsive material.

Request for Production No. 40. Ford responded that it would produce any responsive Venezuelan related documents it could locate, assuming such documents even exist.

Finally, with respect to the requests for production, Plaintiffs have simply ignored the fact Ford has produced voluminous documents responsive to their requests. As explained above (*see* part II., *supra*), Ford has produced voluminous responsive material regarding the Ford Explorer and Venezuela in particular. If Plaintiffs have a more specific request for a particular document or documents that may not be contained in what has already been produced, then Ford is willing to address such a request in an expedited manner.

## V.    Ford's Responses and Objections to Certain Request For Admissions Are Proper.

Once again, Plaintiffs have set forth a list of requests and then recycled the same generic arguments made throughout their motion. Ford will not repeat or explain all of its objections and responses here. Suffice it to state that Ford either admitted or denied the matters, or portion of matters, requested in each of the 15 identified requests.

Ford also asserted certain objections and provided qualified responses. But these were entirely appropriate, and indeed necessary, given the particular requests. Rule 36 provides that a party may object to requests for admissions with the requirement that the reasons for the objections be stated. *See* Fed. R. Civ. P. 36(a). Rule 36 also provides that "[a] denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Fed. R. Civ. P. 36(a).

Here, Ford's objections and qualifications met those requirements. For example, in response to Request for Admissions Nos. 3 – 7 and 12 – 16, Ford objected to the term "the Ford Explorer." And despite Plaintiffs' claim of "quibbling", (mot. at ¶ 13(i)), the use of the term was clearly objectionable given the definition Plaintiffs attached to "Ford Explorer." As stated, (*see* note 1, *supra*), Plaintiffs' discovery requests defined the term "Ford Explorer" to include *all versions* of the *Ford Explorer, Mercury Mountaineer and Mazda Navajo sold anywhere in the World.* Under this definition, it was unclear as to which vehicle, vehicles, or versions of particular vehicles Plaintiffs were seeking admissions. Ford has little choice but to object when faced with a *request for admission* under these circumstances. Still, however, Ford provided a response in light of the objectionable nature of the request.

Also, Plaintiffs' use of the terms "produce" and "manufacture" was objectionable in the context of the specific requests and, particularly, in the context of *forum non conveniens* issues. (*See* Mot. at ¶ 13(i).) Plaintiffs actually added to the ambiguity by using the term "manufacture", "assemble", and "produce" at various points throughout all of their discovery requests to describe essentially the same, complex process. Nevertheless, Ford still properly responded to the request. In short, these are just examples of objections and qualifications that were

necessitated by certain requests for admissions. There are others, and Ford stands by its self-explanatory objections and responses as to those requests.

## VI.    Conclusion.

For the reasons stated herein, as well as those contained in Ford's objections, answers, and responses to Plaintiffs' discovery requests, Ford respectfully prays that this Court deny Plaintiffs' Motion to Compel and award Ford all such relief as it may be justly entitled.

Respectfully submitted,

**BROWN McCARROLL, L.L.P.**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 Telephone
(512) 479-1101 Fax

By: _____
Ronald D. Wamsted
Attorney-In-Charge
State Bar No. 20832000
Southern District Admissions No. 17108
John W. Chambless, II
Southern District Admissions No. 20674
State Bar No. 00796334

And

**Rodriguez, Colvin, Chaney & Saenz L.L.P.**
1201 East Van Buren
Brownsville, TX 78522-2155
956.542.7441 (telephone)
956.541.2170 (fax)
Jaime A. Saenz
Federal I.D. No. 7630
State Bar No. 17514859

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded via certified mail to all counsel of record on this / 7th day of December, 2003.

Mark A. Cantu
Juan Gonzalez
LAW OFFICE OF MARK A. CANTU
1300 N. 10th, Suite 400
McAllen, Texas 78501


_____
John W. Chambless, II

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JORGE ENRIQUE PINEDA MORALES | § | |
| AND MAYTHEM GIORGINA PINEDA | § | |
| MORALES, INDIVIDUALLY AND AS | § | |
| ADMINISTRATOR/IX OF THE ESTATE | § | |
| OF JORGE ENRIQUE PINEDA CARVAJAL, | § | |
| DECEASED; BEATRIZ DEL VALLE PINEDA, | § | CIVIL ACTION NO. B-03-061 |
| INDIVIDUALLY; THEMMAY GIORGIA | § | |
| PINEDA MORALES; EDWARD ENRIQUE | § | |
| PINEDA MORALES, INDIVIDUALLY; | § | |
| DOLORES CHACON PINEDA, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND OF | § | |
| JORGE LUIS PINEDA CHACON | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| FORD MOTOR COMPANY | § | |
| | § | |
| Defendant. | § | |

## AFFIDAVIT OF JOHN W. CHAMBLESS, II

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

Before me, the undersigned authority, on this day appeared John W. Chambless, II, and after having been duly sworn, did depose and state of his own personal knowledge as follows:

1.    I am a citizen of the United States and resident of the State of Texas, and am over 18 years of age.

2.    I am an attorney with the law firm of Brown McCarroll, L.L.P., and I am one of the attorneys representing Ford Motor Company in the above-styled case. As one of the attorneys representing Ford in this matter, I have personal knowledge of the truth of the statements contained in this affidavit.

1

3.      Attached to this Affidavit are exhibits "A" – "E".  I have reviewed these documents and state that they are true and correct copies[1] of correspondence in this case between counsel for Ford and Plaintiffs.   These exhibits are being offered in support of Ford's Response to Plaintiffs' Motion to Compel Answers to Interrogatories, Requests for Production, and Request for Admissions.

4.      Further affiant sayeth naught.

_John W. Chambless, II_

SUBSCRIBED AND SWORN TO BEFORE ME by _John W. Chambless II_ on this _17th_ day of _December_____, 2003, to certify which witness my hand and seal of office.

_Notary Public, State of Texas_

MELISSA CALL
Notary Public, State of Texas
My Commission Expires
SEPTEMBER 8, 2007

---

[1]  In Exhibit "D", the password to Ford's discovery website has been redacted in the copy.

2



Brown | McCarroll
L.L.P.

111 Congress Avenue, Suite 1400, Austin, Texas 78701-4043
512-472-5456  fax 512-479-1101

direct  (512) 370-3371

November 21, 2003

**VIA U.P.S. GROUND**
Mark A. Cantu
Juan Gonzalez
LAW OFFICE OF MARK A. CANTU
The Atrium
1300 N. 10th Street, Suite 400
McAllen, Texas 78501

Re:   Civil Action No. B-03-061; *Jorge Enrique Pineda Morales and Maythem Giorgina Pineda Morales, Individually and as Administrator/ix of the Estate of Jorge Enrique Pineda Carvajal, Deceased; Beatriz Del Valle Pineda, Individually; Themmay Girogia Pineda Morales, Edward Enrique Pineda Morales, Individually; Dolores Chacon De Pineda, Individually and as Next Friend of Jorge Luis Pineda Chacon vs. Ford Motor Company;* In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Counsel:

Enclosed please find the following documents responsive to Plaintiffs' discovery requests:

- Statistical review of Explorer accidents (Rog # 10);
- Venezuelan version of the 1999-2002 Owner Guide (Rog # 16);
- Vehicle invoice (Rog # 15); there are no warranty records available for this vehicle;
- In-Data form to order the Explorer Lawsuits & Claims CD;
- Explorer Lawsuits & Claims not contained on the Explorer Lawsuits & Claims CD.

Sincerely,

*Audrey Smith*

Audrey Smith
Legal Assistant

Enclosures (6 boxes)
AUS:2113825.1
13486.95555
icc:   John Chambless
       Jaime Saenz

# EXHIBIT A

Austin • Dallas • Houston • Longview



Brown | McCarroll
L.L.P.
direct (512) 370-3371

111 Congress Avenue, Suite 1400, Austin, Texas 78701-4043
512-472-5456  fax 512-479-1101

December 4, 2003

**VIA CERTIFIED MAIL**

Mark A. Cantu
Juan Gonzalez
LAW OFFICE OF MARK A. CANTU
The Atrium
1300 N. 10th Street, Suite 400
McAllen, Texas 78501

Re:    Civil Action No. B-03-061; *Jorge Enrique Pineda Morales and Maythem Giorgina Pineda Morales, Individually and as Administrator/ix of the Estate of Jorge Enrique Pineda Carvajal, Deceased; Beatriz Del Valle Pineda, Individually; Themmay Girogia Pineda Morales, Edward Enrique Pineda Morales, Individually; Dolores Chacon De Pineda, Individually and as Next Friend of Jorge Luis Pineda Chacon vs. Ford Motor Company;* In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Counsel:

Enclosed please find laser color prints of Roger Chen's vehicle inspection photographs taken May 13, 2003 in Mission, Texas.

Please consider this a supplement to Ford's Discovery Responses.

Sincerely,

*Audrey Smith*

Audrey Smith
Legal Assistant

Enclosures
icc:    John Chambless
Jaime Saenz

# EXHIBIT B



**BROWN McCARROLL L.L.P.**

# Attorneys At Law

Austin • Dallas • Houston • Longview

# FAX COVER SHEET



AUSTIN OFFICE
111 Congress Avenue
Suite 1400

512-370-3371         Austin, Texas 78701-4043         (512) 479-1101 (FAX)

| **TO:** | Juan A. Gonzalez | **FROM:** | Audrey Smith |
|---|---|---|---|
| Company: | Law Office of Mark A. Cantu | User ID: | 9339 |
| Phone No.: | 956-687-8181 | Client/Matter No.: | 13486.95555 |
| FAX No.: | 956-687-8868 | Total Pages: | 11 |

**DATE:**    November 25, 2003         Confirmation Receipt Required ❏ Yes ❏ No

---

**MESSAGE:**    Jorge Morales, et al. Vs. Ford Motor Company

Dear Mr. Gonzalez:   It is my understanding that you have been provided with forddocs. passwords in the past. Those passwords should still provide you access to the database, however you will need to complete the enclosed forms for this case. Thanks.

---

*This facsimile message is PRIVILEGED and CONFIDENTIAL attorney-client communication and is transmitted for the exclusive information and use of the addressee. Persons responsible for delivering this communication to the intended recipient are admonished that this communication may not be copied or disseminated except as directed by the addressee. If you receive this communication in error, please notify us immediately by telephone at (512) 472-5456, ext. 2613.*

---

Completed By: _____ *LS* _____    Date: *11-26*    Time: _____

# EXHIBIT C

```
                    ***********************
                    ***   TX REPORT   ***
                    ***********************


   TRANSMISSION OK

   TX/RX NO               4847
   CONNECTION TEL         6*95555#919566878868
   SUBADDRESS
   CONNECTION ID
   ST. TIME               11/25 18:28
   USAGE T                02'49
   PGS. SENT              11
   RESULT                 OK
```



## Attorneys At Law

Austin • Dallas • Houston • Longview

# FAX COVER SHEET

**AUSTIN OFFICE**
111 Congress Avenue
Suite 1400

512-370-3371                 Austin, Texas 78701-4043                 (512) 479-1101 (FAX)

---

| **TO:** | Juan A. Gonzalez | **FROM:** | Audrey Smith |
|---|---|---|---|
| Company: | Law Office of Mark A. Cantu | User ID: | 9339 |
| Phone No.: | 956-687-8181 | Client/Matter No.: | 13486.95555 |
| FAX No.: | 956-687-8868 | Total Pages: | 11 |

---

| **DATE:** | November 25, 2003 | **Confirmation Receipt Required** ❑ Yes ❑ No |
|---|---|---|

---

**MESSAGE:**   Jorge Morales, et al. Vs. Ford Motor Company

Dear Mr. Gonzalez:  It is my understanding that you have been provided with forddocs. passwords in the past.  Those passwords should still provide you access to the database, however you will need to complete the enclosed forms for this case.  Thanks.

---

*This facsimile message is PRIVILEGED and CONFIDENTIAL attorney-client communication and is transmitted for the exclusive information and use of the addressee.  Persons responsible for delivering this communication to the intended recipient are admonished that this communication may not be copied or disseminated except as directed by the addressee.  If you receive this communication in error, please notify us immediately by telephone at (512) 472-5456, ext. 2613.*

<u>Case Name:</u>    Jorge Enrique Pineda Morales, et al.  vs. Ford Motor Company
<u>Court Case No:</u>  Civil Action No. B-03-061
<u>Jurisdiction:</u>    In the United States District Court for the Southern District of
Texas, Brownsville Division.

<u>Application for Username and Password on Forddocs.com.</u>

By signing this document, I agree to the terms and conditions for use of the
Forddocs.com website as posted on the homepage upon my access.  (A copy of the
current version of the homepage is attached as Exhibit A).  Additionally, I agree to
be bound by the terms of the confidentiality order in effect and attached as Exhibit
B to this Application.  I agree that I am not to share the password or username.
Any additional users must have their own unique Username and Password and
must complete their own Application.

Name:

Firm:
Firm Address:

Phone Number:

User E-Mail Address:

Details of Internet Connection:  (Answers to these questions are optional but
appreciated in an effort to improve the site).

        Modem Type and Speed:

        Will You Be Working through a Firewall?

        Processing Speed of Primary Computer:

I have read the attached Confidentiality Agreement (Exhibit B) and agree to abide
by its terms in addition to those included in this Application.

Signature:                          Date:
Printed Name:

Approved By:

# Exhibit A



**Document Depository**
Document Confidentiality and Site Usage Conditions

**By using accessing content on this website, the user hereby agrees to abide by the following restrictions:**

All document images on this website are presented in two ways: (1) "view" format and (2) "produce" format.

<u>View Format:</u> When a document image is viewed on the website (pressing the "view" button in the "search results" area), it will be watermarked with the following language: ***"For Viewing Only at forddocs.com."*** These document images are intended only for on-screen viewing on the website and are not to be printed, downloaded, or reproduced in any other way. This restriction is necessary to protect Ford Motor Company's proprietary information.

<u>Produce Format:</u> Document images can also be produced from the website (pressing the "produce" button in the "search results" area). Document images on the website that are designated with the watermark ***"Produced Subject to Protective Order"*** contain confidential Ford Motor Company information and are not to be disclosed in any manner inconsistent with the protective order entered into between Ford Motor Company and the user of this website.

These conditions are in addition to and do not replace the binding agreement of Ford Motor Company and the user of this website as set forth in any protective order.

Your use of this site indicates your agreement to these terms for any use of this site. You will be required to agree to these terms each time that you request access to this site. If you do not agree to these terms, you must log off this site.

You are permitted to enter this site only by the express permission of Ford Motor Company. Any use inconsistent with the express permission of Ford or by individuals not expressly permitted to access this site, will be considered an unlawful access of a computer database in interstate commerce and referred to federal and state law enforcement officials for prosecution.

I Agree to these Conditions

## Exhibit B

I hereby acknowledge and affirm that I have read the terms and conditions of the agreed Protective Order for all cases coordinated for pretrial purposes under the applicable Rules of Civil Procedure.  I understand the terms of the Order and consent to be bound by the terms of the Order as a condition to being provided access to any Confidential Documents furnished by Bridgestone/ Firestone, Inc. and/or Ford Motor Company.  Further, I hereby consent to the jurisdiction of the applicable Rules of Civil Procedure for the special and limited purpose of enforcing the terms of the  Protective Order.


Dated:

Name

Firm

Address

City

State, Zip Code

Telephone Number

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| JORGE ENRIQUE PINEDA MORALES § | |
| AND MAYTHEM GIORGINA PINEDA § | |
| MORALES, INDIVIDUALLY AND AS § | |
| ADMINISTRATOR/IX OF THE ESTATE § | |
| OF JORGE ENRIQUE PINEDA CARVAJAL, § | |
| DECEASED; BEATRIZ DEL VALLE PINEDA, § | CIVIL ACTION NO. B-03-061 |
| INDIVIDUALLY; THEMMAY GIORGIA § | |
| PINEDA MORALES; EDWARD ENRIQUE § | |
| PINEDA MORALES, INDIVIDUALLY; § | |
| DOLORES CHACON PINEDA, § | |
| INDIVIDUALLY AND AS NEXT FRIEND OF § | |
| JORGE LUIS PINEDA CHACON § | |
| § | |
| **Plaintiffs,** § | |
| Vs. § | |
| § | |
| FORD MOTOR COMPANY § | |
| **Defendant.** § | |

---

### STIPULATED PROTECTIVE ORDER

Upon agreement of counsel for Plaintiffs and Ford Motor Company ("Ford") to a protective order regarding the production and use of confidential, commercial and proprietary documents in this action, the Court ORDERS AS FOLLOWS:

1.    Documents to be produced by Ford during discovery in this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." Any document and any information designated as "Subject to Protective Order" in accordance with the provisions of this Order ("Confidential Material") shall only be used, shown or disclosed as provided in this Order.

1

AUS:2114954.1
13486.95555

2.     As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, whether produced as hard copy, computer diskette, CD-ROM or otherwise, as well as any information contained in or derived from such document.

3.     The designation of Protected Documents may be made by marking or placing the notice "Subject to Protective Order" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy. The notice shall be placed in such a manner as will not interfere with the legibility of the contents of the document.

4.     Protected Documents and any copies thereof shall be maintained confidential by the receiving party, his attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the provisions and limitations of Paragraph 5 below.

5.     Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

      a.     Counsel of Record for the parties;

      b.     Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

      c.     Independent personnel retained by Counsel of Record and involved in the preparation and trial of this action;

      d.     Personnel employed by a party, where genuinely needed for preparation for the trial of this action; and

      e.     Upon notice to Ford as set forth in Paragraph 6 below, attorneys of record in unrelated, pending lawsuits where Ford Motor Company is a named defendant

and where allegation is made that a ▓▓▓▓▓▓▓▓▓▓ is unreasonably

dangerous and defective in design with regard to its handling and stability

characteristics.

6.　　　Before any Qualified Person may obtain Confidential Material, such person shall

execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for the

plaintiffs or co-defendants, as applicable, will retain the Written Assurance and will keep a list of all

persons who have received Confidential Material for inspection by the Court and, upon order of the

Court, counsel for Ford. At least ten days prior to obtaining the Written Assurance and sharing any

Confidential Material pursuant to Paragraph 5(e) above, counsel for Plaintiffs shall provide written

notice to counsel for Ford Motor Company which identifies the attorney with whom materials are to

be shared, the caption and court where the qualifying lawsuit is pending, and the identity of all

Confidential Material to be shared. Ford may object to the proposed sharing of such Confidential

Material by filing a Motion for Protection within the ten-day period, and no Confidential Material

shall be shared pending resolution of such motion.

7.　　　Nothing contained in this Order shall prevent the use of Protected Documents at trial

or at depositions, with appropriate safeguards. If Protected Documents are used or referred to

during depositions, counsel for Ford may request that only Qualified Persons, the deponent, and the

reporter be present. Ford shall, either at the deposition or within ten (10) days of receipt of the

transcript thereof, notify counsel for Plaintiffs and the deponent as to what information is considered

confidential. Counsel for Ford will designate those portions of the transcript for which the claim of

confidentiality is made. Those portions of the testimony, including exhibits, shall be bound

separately under seal and prominently marked "Protected Documents Subject to Protective Order Entered by …………" The deponent shall be instructed in advance that he may not disclose Protected Documents or the information contained therein, except as provided by this Order, and the deponent shall sign a Written Assurance to that effect.

8.    Any Protected Documents filed with the Court shall be filed under seal and prominently marked: "Protected Documents Subject to Protective Order Entered by ………………"

9.    In the event any party hereto disagrees as to any claim of confidentiality, counsel for that party shall notify counsel for Ford in writing. If the dispute cannot be resolved by agreement, such Protected Documents shall be kept confidential until Ford has an opportunity with reasonable notice to the objecting party, to file promptly an appropriate motion with the Court regarding the claim of confidentiality. Confidential Material shall remain subject to the terms of this Order pending resolution of any such motion.

10.    Upon final determination of this action, all Protected Documents, including any copies thereof, and any other document or copy thereof that incorporates any Confidential Material, shall be retrieved from all Qualified Persons by counsel for the plaintiffs and maintained in accordance with the terms of this Order.

11.    To the extent Ford is requested to produce documents it feels should not be subject to the provisions of Paragraph 5(e) above, Ford does not waive its right to subsequently request that the parties enter into a non-sharing protective order prior to the production of any such documents.

AGREED AND APPROVED:

_____

**ATTORNEYS FOR PLAINTIFF**

_____

**ATTORNEYS FOR FORD MOTOR COMPANY**

## EXHIBIT A

AFFIDAVIT OF _____, being duly

sworn and personally appearing before the undersigned attesting officer, duly authorized by law to

administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Protective Order attached hereto and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the Civil Action No. B-03-

061  In the United States District Court for the Southern District of Texas, Brownsville Division is

pending, and binds me to the provisions of the Protective Order, including to all promises undertaken

in the Order by Jorge Enrique Pineda Morales and Maythem Giorgina Pineda Morales, Individually

and as Administrator/ix of the Estate of Jorge Enrique Pineda Carvajal, Deceased; Beatriz Del Valle

Pineda, Individually; Themmay Girogia Pineda Morales, Edward Enrique Pineda Morales,

Individually; Dolores Chacon De Pineda, Individually and as Next Friend of Jorge Luis Pineda

Chacon, as if originally agreed by me.

FURTHER AFFIANT SAYETH NOT.


_____


Sworn and subscribed to before me this _____ day of _____, 2003.

AUS:2114954.1
13486.95555

6

_____

NOTARY PUBLIC

My Commission Expires:

AUS:2114954.1
13486.95555

Case 1:03-cv-00061    Document 22    Filed in TXSD on 12/18/2003    Page 30 of 33

John Chambless - Juan - John Chambless said you needed to know what your forddoc ...m password was. Following is y Page 1

**From:** Kathy Lindsay
**To:** Chambless, John; juangonzalez387@msn.com
**Date:** 12/2/03 1:53PM
**Subject:** Juan - John Chambless said you needed to know what your forddocs.com password was. Following is you

Juan - John Chambless said you needed to know what your forddocs.com password was. Following is your information.

Please let me know if you need any additional help with this.


Juan Gonzalez
Juangonzalez387@msn.com
password⌐


Kathy Lindsay
Legal Assistant
Brown McCarroll, L.L.P.
111 Congress, Suite 1400
Austin, TX 78701
512-479-1121
fax 512-479-1101
e-mail: klindsay@mailbmc.com



EXHIBIT D



Brown | McCarroll
L.L.P.
direct  (512) 370-3371

111 Congress Avenue, Suite 1400, Austin, Texas 78701-4043
512-472-5456  fax 512-479-1101

December 4, 2003

**VIA CERTIFIED MAIL**

Juan Gonzalez
LAW OFFICE OF MARK A. CANTU
The Atrium
1300 N. 10th Street, Suite 400
McAllen, Texas 78501

> Re:     Civil Action No. B-03-061; *Jorge Enrique Pineda Morales and Maythem Giorgina Pineda Morales, Individually and as Administrator/ix of the Estate of Jorge Enrique Pineda Carvajal, Deceased; Beatriz Del Valle Pineda, Individually; Themmay Girogia Pineda Morales, Edward Enrique Pineda Morales, Individually; Dolores Chacon De Pineda, Individually and as Next Friend of Jorge Luis Pineda Chacon vs. Ford Motor Company;* In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Mr. Gonzalez:

We have checked our file and confirm that a faxed copy of the verification for *Defendant Ford Motor Company's Responses to Plaintiffs' First Set of Forum Non Conveniens Interrogatories, Requests for Production and Request for Admission* was included with Ford's responses and objections sent to you on October 24, 2003. However, in the event that you have misplaced your copy, enclosed is the original verification from our file.

Please let me know if you have any questions or concerns regarding this matter.

Sincerely,

*Audrey Smith*

Audrey Smith
Legal Assistant

Enclosure
icc:     John Chambless
        Jaime Saenz

**EXHIBIT E**

AUS:2116740.1
13486.95555
Austin • Dallas • Houston • Longview

STATE OF MICHIGAN   )
                                            ) ss.
COUNTY OF WAYNE   )


### DAMIAN PORCÁRI

_____, being duly sworn, deposes and says that the deponent is an authorized

agent of Ford Motor Company, and that the deponent verifies the foregoing FORD MOTOR COMPANY'S

RESPONSE TO PLAINTIFFS' FIRST SET OF FORUM NON CONVENIENS INTERROGATORIES,

REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT FORD MOTOR

COMPANY for and on behalf of Ford Motor Company and is duly authorized so to do; that the matters stated

therein are not within the personal knowledge of the deponent; that the facts stated therein have been assembled by

authorized employees and counsel of Ford Motor Company, and the deponent is informed that the facts stated

therein are true.


_____


Subscribed and sworn to before me this

_____ day of _____ 2003


LINDA G. BINGHAM
NOTARY PUBLIC WAYNE CO., MI
MY COMMISSION EXPIRES Aug 15, 2005

Brown | McCarroll
L.L.P.

111 Congress Avenue, Suite 1400, Austin, Texas 78701-4043
512-472-5456  fax 512-479-1101

direct  (512) 370-3363

December 17, 2003

**VIA FEDERAL EXPRESS**
Mr. Michael Milby
United States District Clerk
United States Courthouse
Southern District of Texas
Brownsville Division
600 East Harrison, 1st Floor
Brownsville, Texas 78520

Re:    Civil Action No. B-03-061; *Jorge Enrique Pineda Morales and Maythem Giorgina Pineda Morales, Individually and as Administrator/ix of the Estate of Jorge Enrique Pineda Carvajal, Deceased; Beatriz Del Valle Pineda, Individually; Themmay Girogia Pineda Morales, Edward Enrique Pineda Morales, Individually; Dolores Chacon De Pineda, Individually and as Next Friend of Jorge Luis Pineda Chacon vs. Ford Motor Company;* In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Mr. Milby:

Enclosed for filing among the papers of the Court please find the original and three copies of **Ford Motor Company's Response to Plaintiffs' Motion to Compel** and proposed **Order**. Please file-stamp one extra copy and return it to me in the enclosed self-addressed, stamped envelope.

By copy of this letter, all counsel are being provided a copy of the foregoing document. Thank you for your continuing courtesy and assistance.

Sincerely,

Melissa a. Call

Melissa A. Call
Legal Secretary to John W. Chambless, II

Enclosures

cc:    **Via Certified Mail/RRR**
       Mark Cantu/Juan A. Gonzalez
       Jaime A. Saenz

icc:    Ron Wamsted

AUS:2120349 1
13486.95555
Austin • Dallas • Houston • Longview • El Paso