United States District Court
Southern District of Texas
ENTERED

MAY 2 0 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| JORGE ENRIQUE PINEDA MORALES ET AL., <br> Plaintiffs, <br><br> VS. <br><br> FORD MOTOR CO., <br> Defendant. | § § § § § § § § | CIVIL ACTION NO. B-03-061 |

## MEMORANDUM AND ORDER

On April 1, 2004, this Court conditionally granted the Defendant's Motion to Dismiss on forum non conveniens grounds. Docket No. 43. Since then the Defendant has filed a statement assenting to be bound by the conditions enumerated in the Court's memorandum opinion. Docket No. 44. Subsequently, the Plaintiffs filed a motion for new trial or to alter/amend judgment pursuant to FED. R. CIV. P. 59. Docket No. 45. The Defendant has responded to the aforesaid motion. Docket No. 46. For the reasons enumerated in this Court's prior memorandum opinion and elaborated upon below, the Court hereby **DENIES** the Plaintiffs' motion for reconsideration and **GRANTS** dismissal in favor of the Defendant on forum non conveniens grounds.

## I.   INTRODUCTION

The Court thoroughly explained the reasons for its decision in its lengthy memorandum opinion. Docket No. 43. Accordingly, the Court will not engage in a robust recapitulation of its reasons here. Concerning the majority of issues, it suffices to note that, while the Court has duly considered Plaintiffs' Rule 59 motion, it is unpersuaded that reconsideration is warranted in this case. The Court does, however, believe that brief discussion of two legal points is warranted. Each is discussed in turn below.

## II.   VENEZUELAN JURISDICTIONAL PROVISIONS

The Plaintiffs complain that this Court has erred in its consideration of the relevant Venezuelan jurisdictional provisions. In particular, the Plaintiffs maintain in their brief that:

> Plaintiffs' Venezuelan law expert, Dr. DeMaekelt, opines that Article 40(4) would not serve as a means of exercising jurisdiction by a Venezuelan court because there is neither an express nor tacit agreement by the parties to submit to that court's jurisdiction. Further, a clear reading of this particular Article reveals that it applies only to actions in property. The case at bar does not involve an action in property.

Docket No.45 at 3 (emphasis omitted).

This argument comes as something of a surprise to the Court. Nowhere in its prior briefing to this Court have the Plaintiffs previously contended that Article 40(4) is entirely inapplicable on account of its subject matter (i.e., actions concerning property). Instead, Plaintiffs previously argued and presented evidence to the Court through their aforementioned expert on Venezuelan law that Article 40 was the relevant jurisdictional provision, but that Article 40(4) was insufficient to establish Venezuelan jurisdiction in this particular case because there was not mutual consent to try the case in Venezuela. Docket No. 19 at 9-10; Docket No. 34 at 10-12. That is, the Plaintiffs did not dispute that Article 40(4) was a potential source of Venezuelan jurisdiction in this case; rather they argued that a necessary prerequisite to jurisdiction (i.e., the parties' consent) thereunder was lacking.

As an initial matter, the Court has doubts about the propriety of employing a Rule 59 motion in order to make entirely new legal arguments. See Pluet v. Frasier, 355 F.3d 381, 385 & n.2 (5th Cir. 2004) (declining to consider argument made on appeal that had only been raised in district court via Rule 59 motion after the district court had rendered its judgment); Allied Bank-West, N.A. v. Stein, 996 F.2d 111, 115 (5th Cir. 1993) ("Motions for new trial 'cannot be used to argue a case under a new legal theory.'"); Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990) ("These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory."). The forum non conveniens issue in this case was briefed by the parties at length over a considerable period of time. See Docket Nos. 13, 19, 21, 34, 42 (filings stretching from August 29, 2003 through February 10, 2004). District courts are hardly required to entertain the presentation of legal theories seriatim. S. Constructors Group v. Dynalectric Co., 2 F.3d 606, 612 (5th Cir. 1993).

Nonetheless, even setting aside this Court's reticence to reconsider decided issues on newly asserted legal grounds, the Plaintiffs' present position finds no support from their own expert (or

2

anyone or anything else in the record). In fact, Plaintiffs' present position contradicts both their prior jurisdictional contentions and the affidavit of Plaintiffs' expert on Venezuelan law. Dr. de Maekelt opines that Venezuela's Private International Law Statute governs this action in terms of jurisdiction. de Maekalt Aff. at 5.[1] She writes that, in cases concerning parties that are "non-domiciled" in Venezuela, "the criteria for the attribution of jurisdiction may be found in articles 40, 41 and 42 of the Private International Law Statute." Id. at 5-6. Significantly, de Maekalt notes in the very next paragraph that "Articles 41 and 42 are not applicable" in this case, because they concern "universal assets" and "the status of persons or [] family relationships" respectively. Id. at 6. Dr. de Maekalt does not state anywhere in her affidavit that Article 40 is also categorically irrelevant on the grounds that it solely pertains to property suits. Indeed, the entirety of the jurisdictional discussion contained within her affidavit is premised on the notion that Article 40 does pertain to this suit. Id. at 6-8. Plaintiffs flatly acknowledged as much. See Docket No. 19 at 7 ("Dr. deMaekalt . . . identifies two potentially applicable exceptions to this principle [that a defendant be sued in its place of domicile], set forth in Article 40(2) and Article 40(4) of the Statute on Private International Law that would allow a Venezuelan court to exercise jurisdiction over the case at bar.").

Moreover, Plaintiffs' new and unsupported contention that Article 40(4) in particular solely concerns property actions is nonsensical on its face. In their motion for reconsideration, Plaintiffs contend that Article 40(2) is the only provision on which Venezuelan jurisdiction might be premised in this case. See Docket No. 45 at 3 ("Thus, we are left to determine a Venezuelan court's possible exercise of jurisdiction based solely on the provisions of Article 40(2) . . . ."). However, the Plaintiffs' apparent contention—that Article 40(2) is pertinent while Article 40(4) pertains solely to "actions in property" (however that term is to be understood[2]) and is, therefore, irrelevant—is belied by the provision in question. Article 40 of the Private International Law Statute reads:

Venezuelan Courts shall have jurisdiction to hear in trials resulting from the filing

---

[1] All affidavit references are by page number to the August 21, 2003 affidavit of Tatiana de Maekalt, which is attached to Docket No. 19 as an exhibit.

[2] Neither the parties nor the statute at issue make any effort to define "actions in property" for purposes of Venezuelan civil law. As the parties' experts regard Article 40 as being the pertinent jurisdictional provision, so does this Court, notwithstanding its limitation to "actions in property."

of actions in property:

1) When the actions at issue should relate to the disposition or holding of personal or real property situated in the territory of the Republic.

2) When the actions at issue should relate to obligations to be complied within the territory of the Republic or deriving from contracts entered or facts verified in said territory.

3) When the defendant should have been personally served within the territory of the Republic.

4) When the parties should expressly or tacitly submit to their jurisdiction.

See Docket No. 19 (attaching translation of Private International Law Statute as an exhibit). Under a plain reading of the statute, if Article 40(4) were inapplicable on the ground now asserted by the Plaintiffs, then Article 40(2) would likewise be inapplicable. After all, the language concerning "actions in property" applies to all subsections of Article 40. Nonetheless, the Plaintiffs and their expert took the position that both Articles 40(2) and 40(4) pertain to the jurisdictional issue in this case, and they will not be permitted to take a contrary position now.

### III.   DESIGN DEFECT & THE VASQUEZ DECISION

The Plaintiffs contend that the Court erred in relying on the Fifth Circuit Court of Appeals case of Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665 (5th Cir. 2003), in arriving at its decision that the private interest factors heavily weigh in favor of a Venezuelan forum. More specifically, the Plaintiffs argue that:

> The facts in Vasquez are limited to that case and it is unreasonable and inappropriate to broadly apply those facts to all products cases. Vasquez is distinguishable from the case at bar in that Vasquez concerned a vehicle and tires that were manufactured, purchased, and maintained in Mexico whereas the vehicle herein was manufactured and assembled (except for final assembly) in the United States. Unlike Vasquez, the Plaintiffs herein assert strict products liability based on design defect rather than manufacturing defect.

Docket No. 45 at 4 (emphasis in original).

4

As a factual matter, it is not clear from the discovery provided to the Court that the vehicle was manufactured in the United States in the sense that the Plaintiffs allege. See Docket No. 43 at 8, 15 & n.8. Setting aside this dispute, Plaintiffs' argument is confused. The Plaintiffs first state that what distinguishes the present case from Vasquez is that much of the manufacture and assembly of the vehicle in question took place in the United States as opposed to Venezuela. Yet, in the very next sentence, Plaintiffs stress that their action is premised on defective design rather than defective manufacture. Plaintiffs do not offer any explanation as to why facts concerning the location of the instant vehicle's manufacture and assembly would be of any relevance to this suit—in terms of the forum non conveniens doctrine or otherwise—if their theory of liability is predicated on something other than manufacture. In terms of the relevant forum non conveniens private interest factor (i.e., the relative ease of access to sources to proof), it seems that no evidence concerning manufacture or assembly will be necessary given that a manufacturing defect cause of action is not being pursued by Plaintiffs. Accordingly, Plaintiffs' proffered distinction is entirely irrelevant.

At any rate, Vasquez concerned theories of both design defect and manufacturing defect, and this Court has little doubt that its logic pertains to the instant suit. On the assumption that "all information relating to the design and manufacture of the tires and vehicle is located in the United States," the Fifth Circuit concluded in Vasquez that:

> The linchpin of plaintiff's argument—that the alleged wrongful act was the original design of the vehicle and tires—reaches back too far in the accident's causal chain. Identifying the situs of the wrongful conduct as an American designer's drawing board ignores the production, sale, and alleged failure of the product, which all occurred in Mexico. If accepted, plaintiff's argument would curtail the rights of foreign governments to regulate their internal economies and threaten to engulf American courts with foreign claims.

325 F.3d at 674 (internal citation omitted). In short, the Vasquez court had exactly the sort of design claims made in this case in mind when it held that such contentions were too tenuous to weigh in favor of an American forum. At least one other district court in this circuit has come to a similar conclusion. See Dominguez-Cota v. Cooper Tire & Rubber Co., 284 F. Supp. 2d 444, 453 (N.D. Miss. 2003) ("The Plaintiffs' argument that the alleged wrongful acts were the original design of the vehicle and the subject tire simply reaches back too far in the accident's causal chain.").

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Plaintiffs' Rule 59 motion. Likewise, for the foregoing reasons, and in conjunction with the Court's April 1, 2004 memorandum opinion, the Court hereby **GRANTS** Defendant's motion to dismiss this case on forum non conveniens grounds. Said grant of dismissal remains conditioned by those terms previously articulated by the Court and assented to by the Defendant. Docket Nos. 43-44.

Signed in Brownsville, Texas, this 20th day of May, 2004.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE